1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| HYPERION ENTERTAINMENT C.V.B.A., | No. 2:18-cv-00381 |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT |
| ITEC, LLC, a New York limited liability company; AMIGA, INC., a Delaware corporation; AMINO DEVELOPMENT CORPORATION, a Washington corporation; and CLOANTO CORPORATION, a Nevada Corporation | |
| Defendants. | |

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT AND BREACH OF CONTRACT
CASE No. 2:18-cv-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Plaintiff Hyperion Entertainment C.V.B.A. ("Hyperion" or "Plaintiff"), by and through its attorneys, and for its Complaint against Defendants Itec, LLC ("Itec"), Amiga, Inc. ("Amiga"), Amino Development Corporation ("Amino") (Itec, Amiga, and Amino collectively referred to as "the Amiga Parties") and Cloanto Corporation ("Cloanto") (all of the foregoing collectively referred to as "Defendants"), states and alleges the following:

## NATURE OF THE ACTION

1.     This is an action for (i) breach of contract, (ii) a declaratory judgment that Hyperion is the owner of all right, title and interest in certain intellectual property rights as detailed further herein; (iii) declaratory judgment that Hyperion does not infringe U.S. Copyright TX0003282574; (iv) declaratory judgment of no trademark infringement and no unfair competition by Hyperion (v) declaratory judgment that Hyperion has a non-exclusive license in the AMIGA trademark, (vi) an order directing the U.S. Patent and Trademark Office (USPTO) to uphold Hyperion's Opposition No. 91237628 filed against Cloanto's U.S. Trademark Application Ser. No. 91237628 for AMIGA, and (vii) intentional interference with contract or business expectancy for which Hyperion seeks equitable relief.

2.     All of the issues in this case arise from a Settlement Agreement entered via Stipulated Judgment by the Honorable Ricardo S. Martinez of this Court on December 14, 2009, in the matter of *Amiga, Inc. v. Hyperion VOF*, 2:07-cv-00631-RSM ("the Prior Washington Action"). A copy of the Stipulated Judgment including the Settlement Agreement is attached as Exhibit 1.

3.     The Settlement Agreement states in Paragraph 16: "The Parties agree that any dispute arising from the interpretation or enforcement of this Agreement shall be resolved solely through litigation in the U.S. District Court for the Western District of Washington." Ex. 1 at p. 36.

4.     On information and belief, the Amiga Parties are in material breach and/or default of the Settlement Agreement.  Further, certain actions or inactions by the Amiga Parties and by Cloanto require the Court's interpretation and enforcement of the Agreement.  Still further, actions

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 1
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1 of all Defendants have caused injury to Plaintiff for which Plaintiff has no adequate remedy at law,

2 thereby compelling Plaintiff to bring this action.

3      5.    Hyperion's rights under the Settlement Agreement are material to resolution of

4 claims alleged by Cloanto in the matter of *Cloanto Corporation v. Hyperion Entertainment*

5 C.V.B.A. (Civil Action No. 5:17-cv-1353 (LEK/ATB), brought by Cloanto in the United States

6 District Court for the Northern District of New York ("the New York Action"), and for that reason,

7 Hyperion has requested that the New York Action be transferred to this Court for consolidation with

8 this Action.

9 **PARTIES**

10      6.    Plaintiff Hyperion is a Belgian limited liability company having a principal place

11 of business at Avenue de Tervueren 34, Brussels, BELGIUM 1040.

12      7.    On information and belief, Defendant Itec is a New York limited liability company

13 having a business address C/O Reed Smith LLP, 599 Lexington Avenue, 29th Floor, New York,

14 NY 10022.

15      8.    On information and belief, Defendant Amiga is or was a Delaware corporation

16 having as its registered agent the Corporation Service Company, of 251 Little Falls Drive,

17 Wilmington, DE 19808, and has or had its administrative seat at 34935 SE Douglas Street,

18 Snoqualmie, WA 98065, UBI 602621140.

19      9.    On information and belief, Defendant Amino is an inactive Washington

20 corporation having as its registered agent the Corporation Service Company, having an address of

21 300 Deschutes Way SW, Ste. 304, Tumwater, WA 98501, UBI 601983734.

22      10.    On information and belief, Defendant Cloanto is a Nevada corporation having an

23 address of 5940 S. Rainbow Blvd, Suite 400 #67834, Las Vegas, NV 891187-2507.

24 **JURISDICTION AND VENUE**

25      11.    This Court has jurisdiction over the subject matter of this action pursuant to the

26 provisions of 28 U.S.C. §§ 1331, 1338, and 2201; 17 U.S.C. § 501; and 15 U.S.C. §§ 1121 and 1125,

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 2
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1    in that this action arises under the copyright and trademark laws of the United States, and Plaintiffs

2    seek Declaratory and injunctive relief, and equitable relief for breach of contract, and for intentional

3    interference with contract or business expectancy, under the principles of supplemental jurisdiction

4    pursuant to 28 U.S.C. § 1367.

5          12.    This Court has personal jurisdiction over the Amiga Parties because the Amiga Parties

6    and Plaintiff are parties to the Settlement Agreement, which expressly provides in ¶ 16 that any

7    disputes relating thereto shall be resolved "solely through litigation in the U.S. District Court for the

8    Western District of Washington."

9          13.    This Court has personal jurisdiction over Cloanto, because in the New York Action,

10   Cloanto repeatedly asserts its own interpretation of the Settlement Agreement, thereby admitting that

11   Cloanto's claims rest on interpretation of the Settlement Agreement. Further, on information and

12   belief, Cloanto conducts and has conducted business in the State of Washington, including but not

13   limited to business transactions with the Amiga Parties, which transactions give rise to the dispute in

14   this case.  Additionally, on information and belief, Cloanto has advertised and sold and continues to

15   advertise and sell products within this judicial district, including Cloanto's "Amiga Forever" operating

16   system emulator, which is offered through Cloanto's "Online Store" at www.amigaforever.com. On

17   information and belief, the "Amiga Forever" product and other Cloanto products incorporate Amiga

18   IP that is the subject of the Settlement Agreement.  On information and belief, the "Amiga Forever"

19   product has been downloaded by purchasers in this district, and has been shipped by Cloanto on

20   physical media to buyers in this district, in combination with DVD video content. Cloanto

21   purposefully directs its advertising and promotional activities to buyers in this district.

22         14.    Venue is proper in this district under 28 U.S.C. § 1391.

23   / / /

24

25

26

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT AND BREACH OF CONTRACT - 3
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

## FACTUAL BACKGROUND

**A.    History through the Settlement Agreement**

15.    The **Amiga** operating system software, originally developed by Commodore for its line of Amiga computers, has been credited as having launched the multi-media computing revolution in 1987.

16.    Hyperion is the developer of an Amiga operating system known as AmigaOS 4.

17.    Through a chain of subsequent events, various intellectual property rights relating to Amiga software, including trademark and copyright rights, ("the Amiga IP") became subject to a hotly contested dispute, the facts and allegations of which are of record in the Prior Washington Action, which allegations were resolved between Plaintiff and the Amiga Parties via the Settlement Agreement.

18.    The Amiga IP addressed in the Settlement Agreement includes:

    a.    "Amiga Mark," as defined in Definition c. of the Settlement Agreement to mean "any mark owned and/or registered or licensed by or to the Amiga Parties containing the word "Amiga" whether in stylized form (figurative mark) or otherwise."

    b.    "Exclusive Licensed Marks," as defined in Definition g. of the Settlement Agreement to mean **AmigaOS**, **Amiga OS**, **AmigaOne**, and **Amiga One.**

    c.    "Software," as defined in Definition n. of the Settlement Agreement to mean "Amiga OS 3.1 Software, which is the Operating system (including without limitation its Software Architecture as described in the Documentation[1]) originally developed, owned and marketed by Commodore Business Machines (CMB) for their Amiga line of computers in 1994."

    d.    "Documentation," as defined in Definition f. of the Settlement Agreement to mean "the publications listed on Exhibit 4 hereof [to the Settlement Agreement]"

    e.    "Licensed Marks," as defined in Definition i. of the Settlement Agreement to mean "the Exclusive Licensed Marks and the "Boing Ball" logo mark (*i.e.* the checkered ball)" (depicted *infra*).

---

[1] "Documentation" being further defined in Definition f. of the Settlement Agreement to mean "the publications listed in Exhibit 4 [of the Settlement Agreement]," which Exhibit lists five Manuals and their corresponding ISBN numbers.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 4
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

f.     "AmigaOS 4," as defined in Definition d. of the Settlement Agreement to mean "the Operating System developed by Hyperion and based in part on the Software, including without limitation the Software Architecture of the Software as described in the Documentation, in any version, (irrespective of version numbering, e.g., AmigaOS 5).

*See* Exhibit 1 at pp. 29-30.

19.     Pursuant to the Grant clause in paragraph 1(b), the Settlement Agreement grants Plaintiff:

. . . an exclusive, perpetual, worldwide and royalty-free, transferable right and Object Code and Source Code license to the Software in order to use, develop, modify, commercialize, distribute and market the Software in any form (including through sublicensing), on any medium (now known or otherwise), through any means (including but not limited to making AmigaOS 4 available to the public via the internet) and for any current or future hardware platform.

*Id.*at p. 31.

20.     Pursuant to the Grant clause in paragraph 1(c), the Settlement Agreement grants Plaintiff "an exclusive, perpetual, worldwide and royalty-free, transferable right and license to use the Exclusive Licensed Marks and the Software." *Id.* at p. 32.

21.     Paragraph 7 of the Settlement Agreement contains Plaintiff's express reservation of independent rights to the Licensed marks, which states that nothing in the Settlement Agreement "shall be construed as a waiver or abandonment" thereof. *Id.* at p. 35.

22.     Paragraph 18 of the Settlement Agreement grants Plaintiff a Security Interest in "Collateral" -- defined in Definition e. of the Settlement Agreement to mean "the Exclusive Licensed Marks, the Software, and the 'Boing Ball' logo mark." *Id.* at pp. 37, 29.

23.     Paragraph 18(c) of the Settlement Agreement confers upon and entitles Plaintiff to foreclose on the Security Interest in the Collateral in the event of a default by the Amiga Parties and an acquirer . . . of . . . assets including the Collateral. *Id.* at p. 38.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENTAND BREACH OF CONTRACT - 5 CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

24.     Specifically, Paragraph 18(c) of the Settlement Agreement states that "[i]f an acquirer or buyer of stock or assets including the Collateral (or part thereof) under §15[2] refuses to execute the appropriate form of Exhibit 3[3] hereto prior to or at the closing of the acquisition or purchase, then the Amiga Parties and the acquirer or buyer will be deemed to be in default under the terms of this Agreement. Hyperion is then authorized to foreclose on its Security Interest in the Collateral." *Id.*

25.     Paragraph 13 of the Settlement Agreement confers upon Plaintiff a power to enforce its rights in the Exclusive Licensed Marks, the Software, and the Boing Ball Logo Mark in the event of the Amiga Parties elect not to, or do not, exercise such rights. *Id.* at p. 35.

26.     The rights granted to Plaintiff by the Settlement Agreement were, in accordance with Paragraph 1(b), "[w]ithout prejudice to any Existing License Agreement," wherein the term Existing License Agreement is defined in Definition h. of the Settlement Agreement as having been provided in a "complete and exhaustive list attached to [the Settlement Agreement] as Exhibit 1." *Id.* at pp. 31.

27.     Exhibit 1 to the Settlement Agreement lists a license to "Cloanto Italia srl" for "various licenses commencing in 1994" for an "indefinite term," listing a "worldwide" territory, and a scope of "[r]ights sufficient to support Amiga Forever, including emulation modules." *Id.* at p. 44.

28.     On information and belief, Defendant Cloanto is a parent, subsidiary, controls, is controlled by, has common control with, and/or is otherwise an affiliate of Cloanto Italia srl.

29.     Pursuant to the "Non-Aggression" clause in Paragraph 2 of the Settlement Agreement, Hyperion is permitted to challenge "the use and/or ownership of any Amiga Mark (other than an Exclusive Licensed Mark) by any Amiga Party or any licensee or successor to any Amiga

---

[2] Section 15 states that any potential buyer of an asset subject to the agreement "must execute an agreement substantially in the form attached hereto as <u>Exhibit 3</u> at or prior to the time it completes or closes that acquisition or purchase." (emphasis in original)

[3] Exhibit 1 at p. 46.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT AND BREACH OF CONTRACT - 6
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Party" when "the challenged activity constitutes a material breach of [the Settlement Agreement], including but not limited to any material infringement by the Amiga Parties, by a successor to any Amiga Party, by a Purchaser or by a licensee of the licenses granted to Hyperion pursuant to this Agreement." *Id.* at p. 33.

**B.    Plaintiff's business**

30.    Plaintiff is a privately held Belgian company, founded on 25 February, 1999, and was previously known as Hyperion Entertainment VOF (the named Defendant in the Prior Washington Action).

31.    Plaintiff specializes *inter alia* in 3D graphics and 3D driver development, firmware development for embedded systems, IT consulting and the conversion of high quality entertainment software from Windows to niche platforms including Amiga, Linux and MacOS and thus develops entertainment software for the Linux, MacOS and **AmigaOS** operating systems.

32.    Since well before entering into the Settlement Agreement in 2009, Plaintiff has been actively developing **AmigaOS** 4.x, an almost complete rewrite for modern times of the legendary Amiga operating system which exhibits a nearly complete backward compatibility with the Software.

33.    **AmigaOS** 4.x runs on several PowerPC based hardware platforms including original Amigas with PowerPC accelerator cards and the stand-alone **AmigaOne**, SAM, Pegasos II platforms as well as the **AmigaOne** X5000.

**C.    Lapse of the Amiga Registration and filing by Defendant Cloanto**

34.    Of the original Amiga Parties, on information and belief, both Defendants Amiga and Amino have been administratively dissolved, terminated, or no longer have good standing in their respective jurisdictions of formation, but Itec remains in good standing.

35.    Plaintiff has no knowledge as to whether Defendants Amiga or Amino have the capacity to be reinstituted, or as to the disposition of any assets formerly owned by Defendants Amiga or Amino. Defendant Amiga was the listed owner of, *inter alia*, U.S. Trademark Registration

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 7
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

No. 1,401,045 ("the '045 Registration"), registered July 15, 1986, for the mark **AMIGA** in connection with: *"Computers, computer disk drives, ram expansion cartridges, computer monitors, and computer modems"* in class 9.

36. The '045 Registration was renewed for additional 10-year terms in 1996 and 2006, but it was not renewed in 2016, and the 6-month grace period for renewal expired on December 15, 2016.

37. Because the '045 Registration was the sole remaining registration for an AMIGA-formative mark owned by Amiga in the United States, its lapse created a void that was quickly filled.

38. On January 2, 2017, Defendant Cloanto filed U.S. Application Ser. No. 87/287,078 ("the Cloanto Application") for the mark **AMIGA** in connection with:

> *Computer game programs; Computer game software downloadable from a global computer network; Computer hardware; Computer hardware and computer peripherals; Computer operating programs; Computer operating software; Computer operating systems; Computer programs for video and computer games; Computer software for emulating computer hardware, emulating computer operating systems on personal computers and mobile devices and instructional user guides sold as a unit; Computer software for emulating computer hardware, emulating computer operating systems on personal computers and mobile devices that may be downloaded from a global computer network; Computer software for emulating computer hardware, emulating computer operating systems on personal computers and mobile devices; Computer software platforms for emulating computer hardware and computer operating systems; Computer software, namely, game engine software for video game development and operation; Computer software for emulating computer hardware and computer operating systems that may be downloaded from a global computer network; Digital media, namely, pre-recorded video cassettes, digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, and high definition digital discs featuring software, games, music, videos, text, ebooks; Downloadable computer game software via a global computer network and wireless devices* in Class 9.

## D. PLAINTIFF'S TRADEMARK FILINGS

39. Recognizing that Plaintiff's rights to the Exclusively Licensed Marks had been materially compromised by the lapse of the '045 Registration and would be even further prejudiced by potential registration of the Cloanto Application unchallenged, Plaintiff made several trademark filings on February 8, 2017, to preserve its rights, including:

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 8
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

a.   U.S. Trademark Application Ser. No. 87/329,448 for **AmigaOne,** in connection with:

*Computer hardware; computers; Central processing units (CPU); motherboards,* in Class 9; and

*Promotion, advertising and marketing of on-line websites of others in the field of computer hardware and software; Providing on-line web directory services featuring hyperlinks to the websites of others,* in Class 35.

b.   U.S. Trademark Application Ser. No. 87/329,431 for **AmigaOS,** in connection with:

*Computer operating programs and computer operating systems; Software development kits (SDK); Computer software development tools,* in Class 9; and

*On-line retail store services featuring computer software; Promotion, advertising and marketing of on-line websites of others in the field of computer hardware and software; Providing on-line web directory services featuring hyperlinks to the websites of others,* in Class 35.

c.   U.S. Trademark Application Ser. No. 87/329,469, for the "**Boing Ball logo**" (depicted below) in connection with:



*Computer operating programs and computer operating systems; Software development kits (SDK); Computer software development tools; Computer hardware; computers; Central processing units (CPU); motherboards,* in Class 9; and

*On-line retail store services featuring computer software; Promotion, advertising and marketing of on-line websites of others in the field of computer hardware and software; Providing on-line web directory services featuring hyperlinks to the websites of others,* in Class 35.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 9
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

**E.      Plaintiff's communications with the Amiga Parties**

40.      On or about March 2, 2017, Plaintiff also contacted the last known officer of Amiga and Amino, former CEO Mr. Bill McEwen in hopes of resolving its concerns about the lapse of the '045 Registration and the filing of the Cloanto Application. Mr. McEwen represented that he was in contact with the shareholders of Amiga and would relay Plaintiff's concerns and proposed resolution.

41.      On March 31, 2017, having not resolved its concerns, Plaintiff sent a letter to Defendant Itec.

42.      As part of an exchange of communications between Plaintiff and Itec that followed, Plaintiff expressly inquired in a letter dated April 17, 2017 ("the April 17 letter"), whether "the Amiga Parties has granted, under the terms of its license to Cloanto or otherwise, any rights or authorizations to Cloanto to file for a U.S. trademark application for AMIGA in Cloanto's name." The April 17 letter further advised that in the absence of such authority, Cloanto's attempt to register was an infringement of the AMIGA mark, and that the April 17 letter served as notice of such infringement.

43.      As part of the exchange of communications between Plaintiff and Itec, Itec orally represented to Plaintiff that Amiga was still a going concern, which representation was documented in the April 17 letter and not subsequently contradicted by Itec.

44.      Despite Plaintiff's express request in the April 17 letter that Itec provide a chain of title for the disposition of the Exclusive Licensed Marks and "[a] copy of Exhibit 3 as executed by each and every current owner of the Licensed Marks, the Amiga Mark, and/or the Collateral, if not one of the Amiga Parties already a signatory to the Settlement Agreement," Plaintiff received no response from Defendant Itec to this request.

45.      Plaintiff also informed Itec via the April 17 letter that it considered the failure to renew the AMIGA registrations in the U.S. to be a material breach of the Settlement Agreement.

**F.      Oppositions filed against the Cloanto Application**

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 10
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

46.     The Cloanto Application was published for opposition on May 9, 2017.

47.     Having not received a response from Defendant Itec to its April 17 letter, Plaintiff sent Itec a communication on May 9, 2017, serving "notice to Itec and Amiga that Cloanto's application to register AMIGA was published for opposition on May 11, 2017, and failure to file a Notice of Opposition or Extension of Time to file a Notice of Opposition before the end of the 30-day opposition period will only further prejudice Hyperion's rights."

48.     Itec and Plaintiff both timely filed for 90-day Extensions of Time to Oppose the Cloanto Application and subsequently filed for additional 60-day Extensions of Time to Oppose, with the consent of Cloanto.

49.     Itec commenced Opposition No. 91237599 ("the Itec Opposition") with the United States Patent and Trademark Office (USPTO) Trademark Trial and Appeal Board (TTAB) on November 6, 2017, by filing a Notice of Opposition alleging as grounds for the opposition that Itec "is the majority shareholder in Amiga, Inc. ("Amiga"), the owner of the famous trademark AMIGA for computers, software, and related products" that as such, it is "directly affected by any actions which may adversely impact the business operations of Amiga and Amiga's assets, including the famous trademark and trade name AMIGA."

50.     Notably absent from Itec's Notice of Opposition was any allegation that Itec is the owner of the AMIGA trademark and any explanation as to why Amiga, Inc. did not file for the extensions of time and the opposition in its own name.

51.     Having received no answers from Itec to Plaintiff's inquiries regarding current ownership of the Amiga IP, and therefore not confident Itec would ultimately be able to demonstrate standing to oppose, Plaintiff Hyperion timely filed Opposition No. 91237628 ("Hyperion's Opposition") with the USPTO TTAB on November 6, 2017, to preserve rights.

52.     On November 20, 2017, Cloanto filed a stipulated motion in the Itec Opposition, seeking an extension of time for Cloanto to Answer the Notice of Opposition until March 13, 2018, which motion was granted by the TTAB on November 21, 2017.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENTAND BREACH OF CONTRACT - 11 CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

53.     Cloanto initiated the New York Action against Hyperion on December 14, 2017, and on December 17, 2017, filed a Motion to Stay the Hyperion Opposition pending the outcome of the New York Action, which motion Hyperion did not oppose, and which motion was granted by the TTAB on January 20, 2018.

**G.      The New York action repeatedly references and interprets the Settlement Agreement in support of Cloanto's Claims**

54.     Throughout the New York Action (e.g. Paragraphs 15-24), Cloanto's Allegations expressly reference the Settlement Agreement and Cloanto's interpretation of it.

55.     In ¶ 9 of the New York Action, Cloanto alleges "pursuant to copyright assignments in 2011 and 2012, [Cloanto] acquired ownership of the copyright in and to Kickstart 1.3, an AMIGA program whose copyright was registered on September 6, 1991, TX0003282574."

56.     In ¶ 10 of the New York Action, Cloanto admits "Kickstart 1.3 may be used to run a majority of AMIGA games created and sold prior to 1994, and ***some of them cannot run without it***." (Emphasis added)

57.     Cloanto's copyright claim in the New York Action is based upon Cloanto's allegations that Hyperion has been distributing, marketing and selling "Infringing CD-ROMs" that include Plaintiff's Kickstart 1.3, which allegation of infringement relies upon Cloanto's interpretation of the Settlement Agreement as prohibiting Hyperion from distributing Kickstart 1.3.

58.     However, the copyrightable content of Kickstart 1.3 is subsumed within the Software and Software Architecture to which the Settlement Agreement grants Hyperion an exclusive license (subject to the Existing License Agreements listed in Exhibit 1 of the Settlement Agreement). Specifically, each version of AmigaOS (which consists of two components, "Kickstart" and "Workbench") has the same "Software Architecture" as documented in the Documentation and as defined in Definition o. of the Settlement Agreement to mean "the structure or structures of the system, which comprise software components (i.e., those assumptions other elements can make of an element, such as its provided services, performance characteristics, fault handling, shared

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 12
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

resource usage, and so on), and the relationships between them; the term also refers to documentation of a system's software architecture".

59.     Furthermore, consistent with Hyperion's license to Software expressly conferred by the Settlement Agreement, Hyperion's license permits it "to use, develop, modify, commercialize, distribute and market the Software . . . for any current or future hardware platform." As admitted by Cloanto, certain hardware platforms require the Kickstart 1.3 content in order to run the software.

60.     Cloanto alleges that a temporary display of the **AMIGA** mark while Kickstart is booting constitutes trademark infringement, unfair competition, and "a breach of the Settlement Agreement," again relying on its own interpretation of the Settlement Agreement with respect to the alleged "breach" as well as to the extent of trademark rights enjoyed by Hyperion relative to Cloanto.

61.     Hyperion's exclusive license to use the marks **AmigaOS**, **Amiga OS**, **AmigaOne**, and **Amiga One** necessarily and inherently confers an implied license to use the mark **AMIGA**, which is the dominant portion of all of the foregoing marks.

62.     Nowhere does the Settlement Agreement prohibit Hyperion from using **AMIGA** alone, yet the Settlement Agreement expressly reserves the right for the Amiga Parties to "use the mark '**AMIGA**' alone or in conjunction with other words, so long as 'OS' or 'One' does not directly follow the word "**'AMIGA**.'" The perceived need to carve out this right for the Amiga Parties from the exclusive license granted to Hyperion evinces that a non-exclusive right in the same also remained for Hyperion under the Settlement Agreement.

63.     Cloanto's bases for seeking a denial of Hyperion's Opposition against the Cloanto Application and an Order declaring that Hyperion "is not the rightful owner of AMIGAONE, AMIGAOS or the Boing Ball Mark" in the New York Action also rely upon interpretation of the rights conferred to Hyperion under the Settlement Agreement.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 13
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

**H.      Unresolved rights in the Amiga IP cause harm to Plaintiff**

64.      Plaintiff has continuously used the **AmigaOS**, **AmigaOne,** and **Boing Ball logo** marks in United States commerce prior to and after the Effective Date of the Settlement Agreement.

65.      The mark **AMIGA**, for which Cloanto seeks federal registration via the Cloanto Application, closely resembles Plaintiff's Exclusively Licensed Marks **AmigaOS** and **AmigaOne** marks in sound, appearance, and connotation, and, hence, overall commercial impression. Many goods identified in Cloanto's application are identical to and/or closely related to the goods and services recited in Plaintiff's applications and the goods and services in connection with which Plaintiff has continuously used its Amiga-formative marks. Accordingly, Plaintiff's customers and the public are likely to be confused, mistaken and/or deceived as to the origin and sponsorship of goods offered by Cloanto in connection with the AMIGA mark and misled into believing that such goods are provided by, or are in some other way directly or indirectly associated or affiliated with, Plaintiff, resulting in injury to Plaintiff and its reputation, for which Plaintiff has no adequate remedy at law.

66.      Plaintiff has no control over the nature and quality of the goods on which Cloanto uses **AMIGA**. In the event of false association with Plaintiff, any defects, objections or faults found with any goods offered in connection with Cloanto's **AMIGA** mark could inflict serious injury upon Plaintiff and its reputation, for which Plaintiff has no adequate remedy at law.

67.      If the Cloanto Application were to mature to registration, Cloanto would, by law, acquire the *prima facie* right to exclude others from using **AMIGA,** or terms likely to cause confusion therewith, in connection with the goods set forth in such registration, and goods and services similar thereto, throughout the United States. The acquisition of such right by Cloanto would potentially give Cloanto the ability, absent consent or agreement to the contrary, to claim rights superior to Hyperion's rights in the marks **AmigaOS** and **AmigaOne**. Such a claim would damage Plaintiff by causing a likelihood of confusion by and among consumers and in the trade as to the true source or origin or authorization of the goods provided by Cloanto in connection with

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT AND BREACH OF CONTRACT - 14
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

the **AMIGA** mark, and would materially devalue Plaintiff's rights in its **AmigaOS** and **AmigaOne** marks and the goodwill associated therewith. Such confusion and devaluation will inevitably damage Plaintiff and result in irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

68.     Under Section 7 of the Settlement Agreement, the Amiga Parties agreed "not to, at any time, knowingly carry out any act or thing that may reduce the value of the Licensed Marks or detract from their reputation."

69.     In addition to failing to renew the '045 Registration, the Amiga Parties failed to maintain the following U.S. Trademark Registrations (the "Earlier-lapsed AMIGA Registrations"):

      a.     U.S. Reg. No. 2,369,059 – **powered by AMIGA** (and "Boing Ball" design), in connection with "*computers, computer peripherals, and computer operating systems*" in International Class 9 (Irrevocably lapsed Jan. 18, 2011 for failure to renew)

      b.     U.S. Reg. No. 2,319,266 – **AMIGA** in standard characters, in connection with "*computer magazines*" in International Class 16 (irrevocably lapsed Aug 15, 2010 for failure to renew)

      c.     U.S. Reg. No. 2,802,748 -- **AMIGA** in standard characters, in connection with "*computer software used to facilitate development of software applications that can run on multiple platforms and other electronic devices; operating system software for personal computers and other electronic devices*" in International Class 9 (irrevocably lapsed Jul. 6, 2010 for failure to file a Section 8 Affidavit).

70.     On information and belief, the failure by the Amiga Parties to maintain the '045 Registration (and the Earlier-Lapsed AMIGA Registrations) reduced the value of the Licensed Marks because of the attendant loss of protections conferred by the Lanham Act exclusively to registered marks that do not extend to unregistered marks. *See, e.g.*, 15 U.S.C. §§ 1057(b), 1065, 1072, 1117, 1121, 1124 and 18 U.S.C. § 2320.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 15
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

71.    On information and belief, the Amiga Parties knowingly decided and intentionally failed to act to maintain the '045 Registration (and the Earlier-Lapsed AMIGA Registrations).

72.    The reduction in the value of the Licensed Marks because of the Amiga Parties' failure to maintain rights, culminating with the loss of rights in the '045 Registration -- the sole remaining registration with a right of renewal extending into December 2016 -- constituted a material breach of the Settlement Agreement by the Amiga Parties.

73.    The inactive state of Defendant Amiga and the actions taken by Defendant Itec as the major shareholder of Amiga suggest that Amiga may lack the capacity to enforce rights in the Amiga IP and that the chain of title between Amiga and Itec may be defective.

74.    If Itec does have full right, title and interest to the Licensed Marks, then it has an obligation to assert those rights against Cloanto to preserve those rights in the Licensed Marks for Hyperion's continued use and enjoyment.

75.    By seeking U.S. registration of AMIGA (i.e. "full ownership rights in an asset"), Cloanto is holding itself out to be a *de facto* "acquirer" of that asset under Section 15 of the Settlement Agreement. Exhibit 1 at p. 36.

76.    By allegedly selling rights in U.S. Copyright TX0003282574 to Cloanto, in view of Cloanto's allegation that its rights thereto now prohibit Hyperion's rights to fully enjoy its rights granted in the Software, the Amiga Parties are in default under the terms of the Settlement Agreement, entitling Hyperion to foreclose on the Collateral.

77.    Hyperion expressly requested that the Amiga Parties secure a copy of Exhibit 3 as executed by each and every current owner of the Licensed Marks, the Amiga Mark, and/or the Collateral, for any owner other than the Amiga Parties (who were already signatories to the Settlement Agreement).

78.    The Amiga Parties have produced no such Exhibit 3 Agreement from Cloanto.

79.    On information and belief, the Amiga Parties lack the ability to compel Cloanto to execute an Exhibit 3 Agreement.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT - 16
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

80.     Absent an order from this Court resolving ownership of the Amiga IP, the cloud over the Amiga IP will continue to cause uncertainty in the marketplace and a potential loss of valuable rights by multiple parties.

81.     Failure by the Amiga Parties to maintain rights in the Licensed Marks, leading to the uncertainty caused by Cloanto and Hyperion's competing applications, has already invited another entity unknown to Plaintiff, namely My Retro Computer LTD, listed in USPTO records as a limited partnership existing under the laws of the United Kingdom with an address of Unit A1, Pegham Ind Park, Fareham, United Kingdom PO156SD, to file U.S. Application Ser. No. 87/752,895 on January 12, 2018, seeking to register **AMIGA**, in connection with:

> *Computer cases; Computer hardware and peripherals(Based on Intent to Use) Cellular phones; Computer game programs; Computer game software; Computer game software downloadable from a global computer network; Computer hardware and computer software programs for the integration of text, audio, graphics, still images and moving pictures into an interactive delivery for multimedia applications; Computer operating programs and computer operating systems; Computer software, namely, game engine software for video game development and operation; Computer carrying cases; Computer software and firmware for operating system programs; Computer software to maintain and operate computer system; Smartphones; Carrying cases for mobile computers; Mobile operating systems; Notebook computer carrying cases; Protective cases for smartphones; Protective covers and cases for tablet computers; Rolling cases especially adapted for holding laptops and notebook computers in class 9*
>
> *Computer software design, computer programming, and maintenance of computer software; Smartphone software design; Updating of smartphone software in class 42.*

82.     Itec once held or currently holds a recorded security interest recorded with the U.S. Copyright Office identified as V3546 D753, executed on January 5, 2007, and recorded on January 16, 2007.

83.     On information and belief, Itec's security interest document number V3546 D753 applied to some or all the Software within the Collateral as of the September 30, 2009 effective date of the Settlement Agreement.

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENTAND BREACH OF CONTRACT - 17 CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

84.    On information and belief, Itec partially assigned to Hyperion UCC Financing Statement 6293484-2 while omitting to disclose or assign Itec's security interest in the Collateral recorded in V3546 D753.

85.    On information and belief, Itec renewed UCC Financing Statement 6293484-2 in 2011 and said financing statement remained in effect until 2016.

86.    The Settlement Agreement states "[t]he Amiga Parties shall seek to record Hyperion's exclusive license to the Software with the U.S. Copyright Office."

87.    On information and belief, the Amiga Parties never recorded Hyperion's exclusive license with the U.S. Copyright Office.

88.    The Settlement Agreement entered by Stipulated Judgment in the Prior Washington Action provides a framework to resolve the rights of multiple parties in the Amiga IP, which requires interpretation and enforcement by this Court, which interpretation and enforcement Plaintiff earnestly seeks.   Accordingly, an actual case or controversy exists between Plaintiff and each Defendant, within the meaning of 28 U.S.C. § 2201(a).

## I.    Hyperion's rights in the Amiga IP

89.    Pursuant to the Settlement Agreement and without prejudice to the existing license agreements set forth in the Settlement Agreement, Hyperion was granted an exclusive object code and source code license to the Software "in order to use, develop, modify, commercialize, distribute and market the Software in any form (including through sublicensing), on any medium (now known or otherwise), through any means (including but not limited to making AmigaOS 4 available to the public via the internet) and for any current or future hardware platform."

90.    Hyperion's exclusive license to said rights in the copyrighted works including the Software provided Hyperion with a proprietary interest in the licensed rights superior to the Amiga Parties.

91.    With the grant of that exclusive license, the Amiga Parties gave up any right to convey copyright rights in any manner that would prejudice Hyperion's exclusive license.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 18
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

92.     Hyperion's exclusive license to the Software encompasses the reproduction, sale, and distribution of AmigaOS 4.1 CD-ROMS containing Kickstart 1.3.

93.     On information and belief, Cloanto and its affiliates had notice of Hyperion's exclusive license and interest in the Collateral pursuant to the Settlement Agreement prior to any purported transfer of the Amiga Parties' interest in the Collateral to Cloanto and its affiliates.

94.     Consequently, the Amiga Parties and Cloanto lack standing to assert a claim for copyright infringement based on rights granted to Hyperion; alternatively, any claim of copyright infringement by the Amiga Parties or Cloanto against Hyperion is barred by Hyperion's exclusive license.

95.     On information and belief, during 2006 Cloanto implemented a "Classic Support" feature enabling Amiga Forever to run on non-emulated hardware.

96.     On information and belief, in 2011, Cloanto and Amiga, Inc. entered into a settlement and coexistence agreement involving certain intellectual property rights.

97.     As noted on Cloanto's website, https://www.amigaforever.com/kb/16-125, "This official "Classic Support" scenario was further confirmed in a Coexistence Agreement between Amiga, Inc. and Cloanto, for use also outside of emulated Amiga systems. This was complemented by additional acquisitions and licenses."

98.     On information and belief, Cloanto's "Classic Support" feature extends beyond emulation and exceeds the scope of any license rights reserved to Cloanto Italia srl in Exhibit 1 to the 2009 Settlement Agreement.

## COUNT I

### Breach of Contract

99.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-98 of this Complaint as if fully set forth herein.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 19
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

100.    By permitting rights in the Amiga Marks to lapse, and by failing in their other obligations under the Settlement Agreement, the Amiga Parties are in material breach of the Settlement Agreement.

101.    The material breach by the Amiga Parties has deprived Plaintiff of valuable rights conferred by its license in the Exclusively Licensed marks and the Software, which rights may only be recovered by providing the remedy of specific performance of allowing Plaintiff to foreclose on the Collateral.

102.    In the New York Action, Cloanto alleges that its acquisition of copyright rights in the TX0003282574 Copyright Registration gives Cloanto certain rights, which Cloanto has interpreted as including the right to prohibit Hyperion from fully exploiting the Software in which Hyperion has an exclusive license. If this allegation is found to be true, Cloanto's acquisition of copyright rights in the TX0003282574 Copyright Registration constitutes an acquisition under Section 15 of the Agreement. Because Cloanto has not tendered to Hyperion an Exhibit 3 Undertaking, the Amiga Parties are in default, thereby entitling Plaintiff to foreclose on the Collateral.

103.    In the Grant clause of the Settlement Agreement at 1(e)(iv), the Amiga Parties make the representation and warranty that there are no other license agreements with respect to the Software or the Exclusive Licensed Marks other than the Existing License Agreements listed in Exhibit 1 to the Settlement Agreement.

104.    In the "scope of rights granted" in connection with the various license agreements listed in Exhibit 1 of the Settlement Agreement, the right to distribute the Kickstart module is expressly granted to certain entities, but is not expressly listed in the scope of the rights granted to Cloanto Italia srl, nor does Exhibit 1 list any licenses to defendant Cloanto (Corporation), which is, on information and belief, a different entity from Cloanto Italia srl.

105.    Section 1(b) of the Grant clause of the Settlement Agreement prohibits the Amiga Parties from distributing "Substantially Similar Software Architecture," as defined therein,

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT - 20
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

"including through sub-licensing." Although Hyperion's exclusive license is granted "without prejudice to any Existing License Agreements," Exhibit 1 to the Settlement Agreement does not reserve any right for Defendant Cloanto to distribute the Kickstart module (or any other Substantially Similar Software Architecture ) at all, let alone the right to exclude Hyperion from distributing Kickstart 1.3 or any Kickstart version filed by Cloanto with the US Copyright Office including, without limitation, Kickstart 2.04, Kickstart 3.0 and Kickstart 3.1.

106.    Cloanto's asserted exclusive rights in Kickstart 1.3, whether based upon a license from the Amiga Parties not listed in the Settlement Agreement or a transfer of assets from the Amiga Parties in contravention of the Settlement Agreement, represents a material breach of the Settlement Agreement by the Amiga Parties.

## COUNT II

### Declaratory Judgment of No Copyright Infringement of

### U.S. Copyright Reg. No. TX 0003282574

107.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-106 of this Complaint as if fully set forth herein.

108.    In the New York Action, Cloanto alleges that its acquisition of copyright rights in the TX0003282574 Copyright Registration gives it the right to prohibit Hyperion from including the code corresponding to Kickstarter 1.3 on CD-ROMs distributed to others.

109.    On information and belief, the code of "Kickstart 1.3" covered by TX0003282574, is subsumed within the Software to which Hyperion has an Exclusive License.

110.    Accordingly, Hyperion's exclusive license in the Software also includes an exclusive license to the code protected by TX0003282574.  Consequently, Cloanto lacks standing to assert a claim of copyright infringement based on any rights arising out of U.S. Copyright Reg. No. TX 0003282574 or any of the Software and Hyperion has not infringed any exclusive rights held by Cloanto in TX0003282574.  Alternatively, Hyperion has a non-exclusive license to that code. Alternatively, any claim by Cloanto is barred by Hyperion's license rights.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 21
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

111.    The Settlement Agreement grants Hyperion a license "to use, develop, modify, commercialize, distribute and market the Software . . . for any current or future hardware platform."

112.    Cloanto has admitted that certain hardware platforms require the Kickstart 1.3 code to run the software.

113.    Cloanto's allegations, coupled with its filing of the New York Action, show that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT III

### Declaratory Judgment of No Trademark Infringement and No Unfair Competition

114.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-113 of this Complaint as if fully set forth herein.

115.    In the New York Action, Cloanto accuses Plaintiff of infringing the AMIGA trademark.

116.    Neither Cloanto's non-exclusive use of AMIGA under license from the Amiga Parties, nor the Cloanto Application, which is opposed by both Plaintiff and Itec, confers upon Cloanto standing to assert rights in the AMIGA trademark against Hyperion.

117.    Cloanto's allegation that Hyperion's alleged use of AMIGA constitutes infringement relies upon Cloanto's interpretation of the Settlement Agreement, creating a dispute which only this Court has the power to resolve.

118.    Hyperion's exclusive license to use the marks AmigaOS, Amiga OS, AmigaOne, and Amiga One necessarily and inherently confer an implied non-exclusive license to use the mark AMIGA, which is the dominant portion of all of the foregoing marks.

119.    Cloanto's Unfair Competition Claim under the Lanham Act in the New York Action is entirely based upon the same facts as Cloanto's trademark infringement claim.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 22
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

120.     Cloanto's allegations, coupled with its filing of the New York Action, show that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT IV

### Declaratory Judgment that Plaintiff Is the Rightful Owner of

### AMIGAONE, AMIGAOS, the Boing Ball Mark, and the Software

121.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-120 of this Complaint as if fully set forth herein.

122.     In the New York Action, Cloanto seeks an Order declaring that Hyperion "is not the rightful owner of AMIGAONE, AMIGAOS or the Boing Ball Mark."

123.     Pursuant to the material breach of the Settlement Agreement and/or default by the Amiga Parties, Hyperion is entitled to collect the Collateral under the Settlement Agreement, including, sole ownership of the AMIGAONE, AMIGAOS or the Boing Ball Mark.

124.     Cloanto's allegations, coupled with its filing of the New York Action, show that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT V

### Declaratory Judgment that Hyperion has a non-exclusive license to use

### the AMIGA mark

125.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-124 of this Complaint as if fully set forth herein.

126.     Hyperion's exclusive license to use the marks AmigaOS, Amiga OS, AmigaOne, and Amiga One necessarily and inherently confers an implied non-exclusive license to use the mark AMIGA, which is the dominant portion of all of the foregoing marks.

127.     Cloanto's allegations that Hyperion has infringed the AMIGA mark, coupled with its filing of the New York Action, show that there is a substantial controversy between the parties

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 23
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT VI

### Declaratory Judgment That Cloanto is Not Entitled to Register the AMIGA Mark

128.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-127 of this Complaint as if fully set forth herein.

129.    If Cloanto were to be recognized as the sole owner of the AMIGA mark, without having tendered to Hyperion an executed Exhibit 3 Undertaking, Cloanto would be in a position to disrupt and dilute Plaintiff's exclusive rights in the marks **AmigaOS**, **Amiga OS**, **AmigaOne**, and **Amiga One**, because the dominant portion of all of the foregoing marks is AMIGA.

130.    Cloanto is entitled at most to a non-exclusive license to AMIGA, and Hyperion has an exclusive license to use the marks **AmigaOS**, **Amiga OS**, **AmigaOne**, and **Amiga One**, both from a common licensor**.**

131.    Even if the Amiga Parties are found to be in breach of the Settlement Agreement or in default such that Hyperion can collect ownership of the Collateral, including the marks **AmigaOS**, **Amiga OS**, **AmigaOne**, and **Amiga One**; at most, the Amiga Parties may still retain rights in the AMIGA mark by virtue of Cloanto and others having used AMIGA under license, such use inuring to the benefit of the licensor.

132.    Accordingly, Plaintiff seeks judgment that Cloanto is not entitled to register the AMIGA mark.

## COUNT VII

### Intentional Interference with Contract or Business Expectancy

133.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-132 of this Complaint as if fully set forth herein.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 24
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

134.    Plaintiff has rights under contract as well as a valid business expectancy in its rights under the Settlement Agreement, including Plaintiff's rights of ownership and use of the Amiga IP described herein.

135.    Upon information and belief, Cloanto had knowledge of Plaintiff's rights under the Settlement Agreement, or of the Prior Washington Action, or of Plaintiff's business expectancy.

136.    The actions of Cloanto described herein constitute an intentional, tortious interference with Plaintiff's contract rights and/or business expectancy, which has caused and continues to cause injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

137.    Plaintiff is thus entitled to the equitable remedies prayed for below.

## **PRAYER FOR RELIEF**

In view of the foregoing, Plaintiff asks that this Court grant relief as follows:

A.    A judgment that the Amiga Parties have materially breached the Settlement Agreement.;

B.    A judgment that the Amiga Parties are in default of the Settlement Agreement;

C.    A judgment that Cloanto had notice of Plaintiff's rights under the Settlement Agreement before Cloanto recorded its claimed rights in the Collateral with the U.S. Copyright Office;

D.    An order requiring the Amiga Parties to assign their rights pursuant to U.S. Copyright Document V3546 D753 to Plaintiff commensurate with the Amiga Parties' partial assignment of UCC Financing Statement 6293484-2 to Plaintiff under the Settlement Agreement.

E.    A judgment subordinating the Amiga Parties' rights to the rights of Plaintiff as to any security interest in the Collateral that was held, individually or collectively, by the Amiga Parties at the time of the Settlement Agreement and not disclosed in the Settlement Agreement;

F.    A judgment that Plaintiff is the rightful owner of the Collateral identified in the Settlement Agreement, including the Software and the AmigaOne, AmigaOS, Amiga One, Amiga OS, and Boing Ball Logo marks; Alternatively, a judgment that Plaintiff possesses an attached security interest in the Collateral; Alternatively a judgment that Plaintiff possesses an attached

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 25
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

security interest in the AmigaOne, AmigaOS, Amiga One, Amiga OS, and Boing Ball Logo marks and any unregistered copyright-protected works within the Collateral;

G.      A judgment that Plaintiff has a valid license to use the AMIGA trademark;

H.      A judgment that temporary display of the AMIGA mark when Kickstart 1.3 boots does not constitute trademark infringement of any right owned by Cloanto or any other party in the AMIGA mark;

I.       A judgment that Plaintiff has an exclusive license to reproduce, distribute, publicly display, publicly perform, and prepare derivative works based on the Kickstart 1.3 code in conjunction with AmigaOS 4.x;

J.      A judgment that Plaintiff reproducing, distributing, publicly displaying, publicly performing, and preparing derivative works based on the Kickstart 1.3 code in conjunction with AmigaOS 4.x does not constitute infringement of U.S. Copyright TX0003282574.

K.      A judgment that Cloanto's "Classic Support" feature exceeds the scope of Cloanto's rights in the Software.

L.      A judgment as to whether the Amiga Parties, or which among them, owns any portion of the Amiga IP;

M.      A judgment that Plaintiff has not committed acts of unfair competition;

N.      A judgment that Cloanto is not entitled to register the AMIGA mark;

O.      An order prohibiting any of Defendants from opposing Plaintiff's Applications to register AmigaOS, AmigaOne, and the Boing Ball logo.

P.      Legal and equitable remedies sufficient to redress any injury to Plaintiff resulting from Cloanto's intentional interference with Plaintiff's rights under contract or business expectancy.

Q.      An award of the full costs and reasonable attorneys' fees for the prosecution of this action;

R.      For such other and further relief as this Court deems just and fair.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENTAND BREACH OF CONTRACT - 26
CASE NO. 2:18-CV-00381

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1

2

Respectfully submitted this 12th day of April, 2018.

3                                            By: s/ Robert J. Carlson

4                                            _____

5                                            Robert J. Carlson, WSBA 18455
                                             Lee & Hayes, PLLC

6                                            701 Pike Street, Ste. 1600
                                             Seattle, WA 98101

7                                            Telephone: (206) 315-4001
                                             Fax: (509) 323-8979

8                                            Email:     Bob@leehayes.com

9

10                                           By: s/ Rhett V. Barney
                                             _____
                                             By: s/ Sarah E. Elsden
                                             _____

11                                           Rhett V. Barney, WSBA 44764

12                                           Sarah E. Elsden, WSBA 51158
                                             Lee & Hayes, PLLC

13                                           601 W. Riverside Ave., Ste. 1400
                                             Spokane, WA 99201

14                                           Telephone: (509) 324-9256
                                             Fax: (509) 323-8979

15                                           Email:     RhettB@leehayes.com

16                                                      Sarah.Elsden@leehayes.com

17

18                                           Attorneys for Plaintiff

19

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT FOR DECLARATORY         LEE & HAYES, PLLC
JUDGMENTAND BREACH OF CONTRACT - 27             601 West Riverside Ave., Suite 1400
CASE NO. 2:18-CV-00381                          Spokane, Washington 99201
                                                Telephone: (509) 324-9256 Fax: (509) 323-8979