UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLOANTO CORPORATION,<br><br>                   Plaintiff,<br>    v.<br><br>HYPERION ENTERTAINMENT C.V.B.A.,<br><br>                   Defendant. | CASE NO. C18-0535JLR<br><br>ORDER GRANTING MOTION TO CONSOLIDATE |

## I. INTRODUCTION

Before the court is Defendant Hyperion Entertainment C.V.B.A.'s ("Hyperion") motion to consolidate this matter with *Hyperion Entertainment C.V.B.A. v. Itec LLC*, No. C18-0381RSM (W.D. Wash. 2018) (the "381 Action"). (Mot. (Dkt. # 35).) Plaintiff Cloanto Corporation ("Cloanto") opposes the motion. (Resp. (Dkt. # 38).) The court has considered the motion, the parties' submissions in support of and in opposition

//

to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the motion.

## II. BACKGROUND

Both this action and the 381 Action stem from the 2009 settlement of two prior actions before Chief Judge Ricardo S. Martinez relating to a licensing and development agreement. (*See* Am. Compl. (Dkt. # 29) ¶¶ 25-37); *Hyperion Entertainment C.V.B.A. v. Itec LLC et al.*, No. 18-0381RSM, (W.D. Wash. 2018) (hereinafter, "381 Action"), Dkt. # 1 (the "381 Compl.") ¶¶ 18-29; *see generally Amiga, Inc. v. Hyperion VOF*, No. C07-0631RSM (W.D. Wash. 2007); *Hyperion VOF v. Amino Dev. Corp.*, No. C07-1761RAK (W.D. Wash. 2007). Cloanto originally brought this suit on December 14, 2017, against Hyperion in the Northern District of New York for breach of the 2009 settlement agreement, copyright infringement, trademark infringement, and unfair competition. (*See generally* Compl. (Dkt. # 1).) Hyperion then filed suit on March 13, 2018, in the Western District of Washington, against Cloanto and other entities for breach of the 2009 settlement agreement and various declaratory judgments of non-infringement and ownership of the trademarks. (*See generally* 381 Compl.) That case, the 381 Action, is pending before Chief Judge Martinez. (*See* 381 Action.)

On April 9, 2018, the parties in the New York suit stipulated to transfer the matter to the Western District of Washington. (*See* Stip. (Dkt. # 14).) The parties agreed that

//

---

[1] Neither party requests oral argument (*see* Mot.; Resp.), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

"the Western District of Washington is both a convenient and appropriate venue in which all claims, issues and defenses . . . can be adjudicated." (*Id.* at 2.) Significantly, the parties agreed that the case "should be transferred to the Western District of Washington and consolidated with [the 381 Action] for resolution and adjudication." (*Id.*) Based on that stipulation, the Northern District of New York transferred the case to this District on April 11, 2018. (Transfer Order (Dkt. # 15).)

After transfer, Hyperion sought to consolidate this case with the 381 Action. (*See* Mot.) Despite its earlier stipulation, Cloanto opposes consolidation. (*See* Stip. at 2; Resp.) The court now addresses the motion.

### III. ANALYSIS

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The rule affords courts "broad discretion" to consolidate cases pending in the same district. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In considering whether to consolidate, the court considers a number of factors, including "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *First Mercury Ins. Co. v. SQI, Inc.*, Nos. C13-2110JLR, C13-2109JLR, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014).

//

Here, all factors favor consolidation. Both parties agree that the 381 Action and the instant matter present similar issues of law and fact. (*See* Mot. at 2; Resp. at 4 (acknowledging that the 381 Action "involve[s] some of the same issues that arise in the instant action").) The parties further agree that the two actions center on the interpretation of the 2009 settlement agreement reached in the two cases previously heard by Chief Judge Martinez. (*See* Mot. at 3; Resp. at 4.) Thus, consolidation will serve the interest of judicial economy in three ways: (1) it eliminates the need to file separate motions in each case on similar issues, (2) it allows the court to address overlapping issues in a more streamlined fashion, and (3) it capitalizes on Chief Judge Martinez's knowledge of the settlement agreement and the prior litigation between parties. Moreover, maintaining two separate cases may yield inconsistent results, and neither party has raised any possible prejudice resulting from consolidation. (*See* Mot.; Resp.)

Cloanto does not so much oppose consolidation but instead maintains that the two cases should be "consolidated [before the undersigned judge], as the instant action is the one that was first-filed." (Resp. at 2 (bolding removed); *see also id.* at 4 (stating that "consolidation in this [c]ourt would be the proper procedural outcome").) The court disagrees. The first-to-file rule is not absolute or mechanically-applied. *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998). Courts decline to apply the rule in certain equitable circumstances. *Id.* at 270. Here, Chief Judge Martinez's experience—not only with the settlement agreement at issue but also with the pending 381 Action—persuades the court that strictly adhering to the first-to-file rule is inappropriate. Although Cloanto attempts to downplay Chief Judge

Martinez's involvement with the settlement agreement (*see* Resp. at 4-7), it is undisputed that Chief Judge Martinez presided over the previous cases for years and resolved numerous motions, all of which provide him insight into this matter that the undersigned judge does not have, *see generally Amiga, Inc.*, No. C07-0631RSM; *Hyperion VOF*, No. C07-1761RAK.

Accordingly, the court grants Hyperion's motion to consolidate the instant action with the 381 Action.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Hyperion's motion to consolidate (Dkt. # 35). This case is hereby TRANSFERRED to the Honorable Ricardo S. Martinez as related to *Hyperion Entertainment C.V.B.A. v. Itec LLC et al.*, No. C18-0381RSM. All future pleadings shall bear the cause number C18-0381RSM.

Dated this 30th day of July, 2018.

JAMES L. ROBART
United States District Judge