1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLOANTO CORPORATION, AMIGA, INC.,
ITEC, LLC and AMINO DEVELOPMENT
CORPORATION,

                        Plaintiffs,

     - against -

HYPERION ENTERTAINMENT CVBA,

Defendant.

HYPERION ENTERTAINMENT CVBA

                   Counterclaim
                   Plaintiff,

     - against -

CLOANTO CORPORATION, AMIGA, INC.,
ITEC, LLC and AMINO DEVELOPMENT
CORPORATION,

                   Counter-Defendants.

Civil Action No.: 2:18-cv-00381-RSM
(consolidated with 2:18-cv-00535)

**SECOND AMENDED COMPLAINT
OF CLOANTO CORPORATION,
AMIGA, INC., ITEC, LLC, AND
AMINO DEVELOPMENT
CORPORATION**

**JURY DEMAND**

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

Plaintiffs Cloanto Corporation ("Cloanto"), Amiga, Inc. ("Amiga"), Itec, LLC ("Itec"), and Amino Development Corporation ("Amino"), by their attorneys, Gordon E. R. Troy, PC, and Atkins Intellectual Property PLLC, as and for its Second Amended Complaint against Hyperion Entertainment C.V.B.A. ("Hyperion"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action, *inter alia,*

   a. By all Plaintiffs against Hyperion for breach of contract arising out Hyperion's breaches of a Settlement Agreement entered into in 2009 by and between Amiga, Itec and Amino (hereinafter collectively the "Amiga Parties"), on the one hand, and Hyperion on the other (the "Settlement Agreement");

   b. By Amiga against Hyperion for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1119 and § 1125(a);

   c. By Cloanto against Hyperion for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1119 and § 1125(a);

   d. By Amiga and Cloanto against Hyperion for tortious interference with contract;

   e. By Cloanto against Hyperion for copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. § 101; violations of 17 U.S.C. § 1202 ("Integrity of Copyright Management Information"); unfair competition; and tortious interference with contract; and

   f. By all Plaintiffs for declaratory relief under 28 U.S.C. § 2201, and for injunctive relief.

2. Plaintiffs' claims result from Defendant's wrongful and unlawful acts, including but not limited to:

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

a. Commercial distribution and sale of Amiga operating system 3.1;

b. Creation of derivative works in Amiga 3.1 (other than AmigaOS 4.0 and subsequent versions) and commercial distribution and sale of same, e.g., "Kickstart 3.1 (40.72) for desktop Amigas" (a/k/a "Kickstart 3.1.3") and "AmigaOS 3.1.4," which acts are prohibited by the Settlement Agreement and constitute copyright infringement;

c. Commercial distribution and sale of Kickstart ROM versions 1.3 and 3.1, and its licensing of Kickstart ROM version 1.2 and 1.3, which acts are prohibited by the Settlement Agreement and constitute copyright infringement;

d. use of (i) the AMIGA OS and/or "Boing Ball" marks in connection with the commercial distribution and sale of Amiga operating system 3.1, AmigaOS 3.1.4, and Kickstart 1.3; (ii) the "Boing Ball" and/or KICKSTART marks in connection with the commercial distribution and sale of Kickstart 3.1 and "Kickstart 3.1.3;" (iii) the KICKSTART mark in connection with the licensing of Kickstart 1.2 and 1.3; and (v) the AMIGA OS mark, "Boing Ball" mark, and "POWERED BY AMIGA OS" on merchandise; all of which acts are prohibited by the Settlement Agreement and constitute trademark infringement;

e. removal of copyright management information and substitution of false copyright management information on copies of "AmigaOS 3.1.4" and Kickstart 3.1 to make it appear to purchasers and the public that Hyperion is the owner of the copyrights therein, and to conceal the fact that such uses constitute an infringement of copyright; and

f. registrations and applications in multiple jurisdictions for registration of trademarks owned by Amiga and Cloanto, including AMIGA, AMIGA OS,

AMIGA ONE, KICKSTART, WORKBENCH, the "Boing Ball" mark, and AMIGA FOREVER, which registrations and applications are prohibited by the Settlement Agreement, and (i) constitute trademark infringement against Amiga, with respect to AMIGA, AMIGA OS, AMIGA ONE, the "Boing Ball" mark and KICKSTART; and (ii) constitute trademark infringement against Cloanto with respect to WORKBENCH and AMIGA FOREVER marks, and tortious interference with contract granting Cloanto rights of ownership in those marks.

3.      The Settlement Agreement has, and was intended to have, worldwide effect over the conduct of the Amiga Parties and Hyperion.

## **PARTIES**

4.      Cloanto is a corporation organized and existing under the laws of the State of Nevada, with an address at 5940 S. Rainbow Blvd., Suite 400 #67834, Las Vegas, NV 891187-2507.

5.      Amiga is a corporation organized and existing under the laws of the State of Delaware, and whose registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

6.      Itec is a limited liability company organized and existing under the laws of the State of New York, with a business address c/o Reed Smith LLP, 599 Lexington Avenue, 24th Floor, New York, NY 10022.

7.      Amino is a corporation organized under the laws of the State of Washington, was administrative dissolved, but has the right under Washington state law to bring this lawsuit.

8.      Upon information and belief, Hyperion is a Belgian limited liability company having a principal place of business at Avenue de Tervueren 45, Brussels, Belgium 1040.

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 4

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## JURISDICTION AND VENUE

9.     Subject matter jurisdiction over Plaintiffs' claims is conferred upon the Court pursuant to 15 U.S.C. § 1121 ("Lanham Act"), 17 U.S.C. § 101 et seq. ("U.S. Copyright Act"), 17 U.S.C. § 1202 ("Integrity of copyright management information"), and 28 U.S.C. §§ 1331, 1338, 1367 and 2201 (federal "Declaratory Judgment Act"), and with respect to the Parties' contract claims, principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.     This Court has personal jurisdiction over Hyperion because Hyperion is (a) party to the Settlement Agreement, which expressly provides in ¶ 16 that any disputes relating thereto shall be resolved "solely through litigation in the U.S. District Court for the Western District of Washington;" and (b) filed a "First Amended Complaint" in this action (ECF No. 7).

## FACTS AND ALLEGATIONS

***Rights Granted to Cloanto Prior to the Settlement Agreement***.

11.     In 1997, Cloanto's predecessor-in-interest, Cloanto Italia srl (now Cloanto IT srl), entered into an agreement with a predecessor of Amiga, Inc., called Amiga International, whereby Cloanto was granted the worldwide, perpetual right and license: (a) to copy, distribute, market and sell the object code of all then-existing Amiga operating systems, including 0.7 through 3.1 and "Enhancements" (as defined below) in connection with Cloanto's emulation software and all "classic" AMIGA applications and games; and (b) to use the AMIGA name and trademark, and the Boing Ball Mark, in connection with all of the foregoing. The Agreement required payment by Cloanto of approximately 20,000 Deutschmarks (the "Contract Payment"), payable in quarterly sums related to Cloanto's sales until satisfied

12.     At the same time, with the knowledge and consent of Amiga International, Cloanto began providing users with the ability to run the Amiga operating systems on original AMIGA hardware.

13.     Since 1997, under its AMIGA FOREVER trademark, Cloanto has been the world leader in software that allows modern hardware and operating systems to emulate legacy AMIGA hardware and run (a) AMIGA operating systems 0.7 through 3.1, as well as updates, patches, and enhancements by various Amiga developers ("Enhancements"), (b) AMIGA applications, and (c) games created for the AMIGA platform.

14.     Between 1997 and 1999, Cloanto's AMIGA FOREVER products also provided users with the ability to run Amiga operating systems 1.1 through 3.0, but not Amiga operating system 3.1, on original AMIGA hardware (sometimes referred to as "Classic Support"). Cloanto did not include Amiga operating system 3.1 in its first two releases, AMIGA FOREVER 1.0 and AMIGA FOREVER 2.0, because Amiga International, then-owner of the AMIGA assets, asked Cloanto to delay its inclusion so that Cloanto didn't cut into Amiga International's sales of Amiga operating system 3.1 upgrade kits for original AMIGA hardware.

15.     Between 1997 and 1999, Cloanto featured its AMIGA FOREVER products, which included Cloanto's emulation software, cross-platform networking software, and native AMIGA software (collectively, "Amiga Forever Products"), on the Cloanto website at www.cloanto.com/amiga/forever and sold those products via distribution and retail partners (including e-commerce resellers) (collectively, "Resellers").

16.     In 1997 and 1999, Cloanto was granted the non-exclusive use of the AMIGA mark in connection with its Amiga Forever Products.

17.     By 1999, when the Amiga International assets were transferred to Amiga, Inc. (Washington), Cloanto had paid nearly all of the Contract Payment. Subsequently, in satisfaction of the remainder of the Contract Payment, Cloanto and Amiga's then-principal, Bill McEwen, negotiated and entered into an agreement whereby Cloanto granted to Amiga the right to make Cloanto's Personal Paint software available for use with Amiga's upcoming OS 4.

18.     With the release of AMIGA FOREVER 3.0 in 1999, and since that release without

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 6

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

interruption, Cloanto's Amiga Forever Products have provided users with the ability to run all Amiga operating systems (i.e., from 0.7 through 3.1) on original AMIGA hardware.

19.     Since 1999, Cloanto has operated the website www.amigaforever.com, featuring its Amiga Forever Products and offering them for sale through Resellers.

20.     Since 2000, also under its AMIGA FOREVER trademark, Cloanto has offered and sold an Amiga OS "3.X," which consists of Amiga OS 3.1 with Enhancements. Cloanto released Amiga OS 3.X in order to address various needs, including those that might arise from "Y2K" and the rapid rate of growth in the size of hard drives. Unlike the Amiga OS's 0.7 through 3.1, Amiga OS 3.X did not initially run on original AMIGA hardware.

21.     In 2006, Cloanto released AMIGA FOREVER 2006, which included the same Amiga operating systems as on previous releases, together with an enhanced version of Amiga OS 3.X ROM that could operate on original AMIGA hardware.

***The Settlement Agreement and Subsequent Transfers to Cloanto.***

22.     In 2009, Amiga, Itec, and Amino (collectively, the "Amiga Parties") entered into the Settlement Agreement, which granted Hyperion in Section 1(b) the right to "use, develop, modify, commercialize, distribute, and market" Amiga operating system 3.1 "through any means (including but not limited to making AmigaOS 4 available to the public via the internet) and for any current or future hardware platform."

23.     The Settlement Agreement expressly conditions any rights granted to Hyperion on the prior grants of rights to Cloanto, which are described in the Settlement Agreement as "Various licenses commencing in 1994; indefinite term" and "Rights sufficient to support Amiga Forever, including emulation modules." (Emphasis added.)

24.     Prior to entering into the Settlement Agreement, Hyperion was well aware of the broad scope of Cloanto's prior rights, including Classic Support, which Cloanto had been exercising since the late 1990s.

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 7

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

25.     Pursuant to agreements entered into by Amiga, Inc. and Cloanto, in 2011 and 2012, Amiga, Inc.

     a.  transferred ownership to Cloanto of the copyrights in and to certain Amiga software. These included but were not limited to (i) all AMIGA operating systems up to and including Amiga operating system 3.1 and related updates and patches; and (ii) Kickstart ROMs 1.2, 1.3 and 3.1;

     b.  withdrew opposition in the United States Trademark Office to registration of Cloanto's AMIGA FOREVER mark, permitted registration of that mark by Cloanto, and agreed not to oppose registration and maintenance of that mark in every country of the world; and

     c.  withdrew opposition in the United States Trademark Office to registration of Cloanto's WORKBENCH mark, permitted registration of that mark by Cloanto, and agreed not to oppose registration and maintenance of that mark in every country of the world.

26.     Cloanto is the owner of the following copyright registrations:

     a.  Amiga operating system and software version 3.1 (TX0006587397), registered on April 27, 2007, the transfer to Cloanto of which registration was recorded in the U.S. Copyright Office on March 13, 2017 under Recordation No. V9946D337.

     b.  Amiga Kickstart ROM: version 1.3 (TX0003282574), registered on September 6, 1991, the transfer to Cloanto of which registration was recorded in the U.S. Copyright Office on March 11, 2013 under Recordation No. V3626D795.

*Cloanto's Right to Enforce the Settlement Agreement.*

27.     Section 15 of the Settlement Agreement states, *inter alia*, that any acquirer of a

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 8

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

material asset subject to the Settlement Agreement "must execute an agreement substantially in the form attached hereto as Exhibit 3 at or prior to the time it completes or closes that acquisition or purchase."

28.     On May 10, 2018, Cloanto executed the "Exhibit 3," which was delivered to Hyperion's counsel on the same day via email.

29.     Section 18(c) of the Settlement Agreement states that if an Acquirer fails to sign the Exhibit 3 Agreement, Hyperion "is then authorized to foreclose – by commencement of a foreclosure proceeding – on its Security Interest in the Collateral," which consists of Amiga operating system 3.1, and the AMIGA OS, AMIGA ONE, and "Boing Ball" marks.

30.     Hyperion never commenced a foreclosure proceeding and consequently, under Section 18(c) of the Settlement Agreement, Hyperion has "no right to exercise or foreclose" on the Collateral.

31.     Exhibit 3 to the Settlement Agreement consists of two paragraphs, the first of which states that the Acquirer (here, Cloanto) "covenants and agrees with [Hyperion] that Acquirer will comply with all obligations of the Amiga Parties under the Settlement Agreement" and the second of which states that Acquirer "acknowledges and agrees that it will be bound by the terms and conditions of the Settlement Agreement applicable to the Amiga Parties…."

32.     The "terms and conditions of the Settlement Agreement applicable to the Amiga Parties" include the right to enforce the terms and conditions of the Settlement Agreement against Hyperion.

33.     Exhibit 3, signed by Cloanto, does not extinguish or in any way supersede the prior rights granted to Cloanto described in paragraphs 11 through 21 of this Second Amended Complaint ("Cloanto's Prior Rights"), which include the right to use the terms "AmigaOS" and "Amiga operating system" to advertise, market, and sell Amiga operating systems up to and including Amiga operating system 3.1.

GORDON E. R. TROY PC
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

*Hyperion's Rights under the Settlement Agreement.*

34.     The Settlement Agreement grants Hyperion sole ownership in Amiga OS 4, except to the extent that its source code incorporates that of Amiga OS 3.1.

35.     "AmigaOS 4" is defined in the Settlement Agreement as "the Operating System developed by Hyperion and based in part on the Software, including without limitation the Software Architecture of the Software as described in the Documentation, in any version (irrespective of version numbering, e.g., AmigaOS 5)."

36.     Section 1(b) of the Settlement Agreement grants Hyperion, "[w]ithout prejudice to any Existing License Agreements listed on Exhibit 1,"  an exclusive, perpetual, worldwide and royalty-free, transferable right and Object Code and Source Code license to the Software in order to use, develop, modify, commercialize, distribute and market the Software in any form (including through sublicensing), on any medium (now known or otherwise), through any means (including but not limited to making AmigaOS 4 available to the public via the internet) and for any current or future hardware platform."

37.     The "Software" is defined in the Settlement Agreement as "Amiga OS 3.1, which is the Operating System (including without limitation its Software Architecture as described in the Documentation) originally developed, owned and marketed by Commodore Business Machines (CBM) for their Amiga line of computers in 1994."

38.     Neither Kickstart 1.2 nor Kickstart 1.3 is part of, or contained in, or functions with the disk-based portion of the Software, i.e., Amiga OS 3.1.

39.     Neither Kickstart 1.2 nor Kickstart 1.3 are part of the "software architecture" of Amiga OS 3.1.

40.     The grant of rights to Hyperion in Section 1(b) of the Settlement Agreement was limited by the specific grant of trademark rights in Section 1(c) of the Settlement Agreement.

41.     Section 1(c) of the Settlement Agreement grants Hyperion "[s]olely for purposes of marketing, distributing and making available AmigaOS 4 and any hardware required or

GORDON E. R. TROY PC
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

desired to operate with AmigaOS 4," an "exclusive, perpetual, worldwide and royalty-free, transferable right and license to use the Exclusive Licensed Marks [i.e., AMIGA OS AMIGAOS, AMIGA ONE and AMIGAONE), and a nonexclusive, perpetual, worldwide and royalty-free, transferable right and license to use the "Boing Ball" logo mark." (The "Exclusive Licensed Marks" and "Boing Ball" mark are collectively referred to herein as the "Hyperion Licensed Marks.")

42.     At the time the Settlement Agreement was entered into, the intent of Amiga, Inc. was solely to allow Hyperion to move forward with the development, marking, distribution and sale of Amiga OS 4 and related hardware, and any future versions thereof (i.e., Amiga OS 4.x, Amiga OS 5, etc.).

43.     The intent of the parties to the Settlement Agreement in drafting the grant provisions regarding the software and trademarks was to ensure that Hyperion had the necessary and sufficient rights to commercialize, distribute, and market Amiga OS 4.0 (and subsequent versions), while not distributing and selling Amiga operating system 3.1 itself.

44.     At the time it entered into the Settlement Agreement, Hyperion was fully aware of Cloanto's Amiga Forever Products.

45.     Hyperion is prohibited under the Settlement Agreement from doing any of the following:

   a.   Using the Hyperion Licensed Marks in connection with any activities related to any Amiga operating system or software other than AmigaOS 4;

   b.   Using the AMIGA mark for any purpose;

   c.   Commercially distributing or selling Amiga operating system 3.1 or any derivatives thereof (other than AmigaOS 4.0);

   d.   Using the mark WORKBENCH to distribute or sell any operating system, including but not limited to Amiga operating system 3.1 or any derivatives

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 11

GORDON E. R. TROY PC
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

thereof;

e. Creating derivative works of Amiga operating system 3.1 other than AmigaOS 4.0;

f. Distributing or selling Kickstart ROM versions 1.3 and 3.1;

g. Licensing Kickstart ROM versions 1.2 or 1.3 to third parties;

h. Using the AMIGA OS mark in connection with the distribution and sale of "AmigaOS 3.1.4;"

i. Using the "Boing Ball" mark in connection with the commercial distribution and sale of "AmigaOS 3.1.4" and Kickstart 1.3;

j. Using the "Boing Ball" and KICKSTART marks in connection with the commercial distribution and sale of Kickstart 3.1 and "Kickstart 3.1.3;"

k. Using the KICKSTART mark in connection with the licensing of Kickstart 1.2 and 1.3;

l. Using any the AMIGA, AMIGA OS, AMIGA ONE, POWERED BY AMIGA, or "Boing Ball" marks in connection with the distribution and sale of merchandise.

m. Claiming ownership of, registering, or applying to register in any country or jurisdiction any of the marks, AMIGA, AMIGA OS, AMIGA ONE, KICKSTART, WORKBENCH, the "Boing Ball" mark, or AMIGA FOREVER; or

n. Claiming ownership of any operating system or software other than Amiga OS 4.0, but only insofar as that operating system contained "new matter" as understood under copyright law.

*Hyperion's Material Breaches of the Settlement Agreement and Wrongful Acts with Respect to Copyright.*

GORDON E. R. TROY PC
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

46.     Hyperion has knowingly, intentionally, and materially breached the Settlement Agreement by engaging in numerous acts, including but not necessarily limited to the following:

  a.   beginning in or around 2016, advertising, marketing, offering for sale, and selling as downloads Amiga operating system version 3.1, initially under the names "New Hyperion 3.1 Kickstart ROM" and "Workbench 3.1," for which Hyperion altered the boot-up screen by (i) adding the Boing Ball Mark. After Cloanto sent Hyperion and its e-commerce provider a cease-and-desist notice for misappropriating Cloanto's federally registered WORKBENCH trademark (U.S. Reg. No. 3946885), Hyperion began selling Amiga operating system 3.1 under the name "AmigaOS Workbench 3.1;"

  b.   beginning in or around March 2013, licensing Kickstart 1.2, Kickstart 1.3, and Kickstart 3.1 to a company called Individual Computers for use in the "ACA500" series of hardware accelerator cards to be advertised, marketed, offered for sale, and sold by that company;

  c.   surreptitiously around the end of 2011 or beginning of 2012, and then openly beginning in or around 2016, advertising, marketing, offering for sale, and selling CD-ROMs and downloads containing different versions of AmigaOS 4.0 or "Amiga OS 4.1 Final Edition" that also contained Amiga operating system 3.1 and Kickstart 1.3;

  d.   marketing, distributing and selling a downloadable version of Kickstart 3.1, advertised as "Kickstart 3.1 (40.72) for desktop Amigas – FREE Kick [sic] 1.3 included!;"

  e.   Displaying the AMIGA trademark on the boot-up screen of "Kickstart 1.3," which mark appears until the user inserts a bootable medium containing the disk-based portion of Amiga OS 1.3 (or lower);

GORDON E. R. TROY PC
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

f.   Displaying on the boot-up screen of "Kickstart 3.1" the Boing Ball Mark and a false and misleading copyright notice that reads "Copyright © 1985-2016 Hyperion Entertainment CVBA;"

g.   beginning on or about October 1, 2018, advertising, marketing, offering for sale, and selling downloads, floppy discs and ROM chips of the following products: "AmigaOS 3.1.4 for 68K Amiga 500/600/2000," "AmigaOS 3.1.4 for 68K Amiga 1200," "AmigaOS 3.1.4 for 68K Amiga 3000," "AmigaOS 3.1.4 for 68K Amiga 4000," and "AmigaOS 3.1.4 for 68K Amiga 4000T" (collectively, the "3.1.4 Products");

h.   in each of the 3.1.4 Products, (i) removing the original Amiga and Commodore copyright notices and replacing them with a false copyright notice claiming Hyperion as sole author and owner of that software, rather than holder of limited license rights, and (ii) adding the Boing Ball Mark;

i.   Offering customers the capability of running Amiga operating systems prior to AmigaOS 4.0 in an emulation environment as well as on original AMIGA hardware;

j.   Using AMIGAOS, "Powered by AMIGAOS," and the Boing Ball Mark on T-shirts, hoodies, drawstring bags, cooking apron, coffee cups and other merchandise;

k.   Falsely claiming ownership of, and filing applications for, registration in the United States of AMIGAOS, AMIGAONE, and the "Boing Ball" marks; and

l.   Falsely claiming ownership of and filing applications and/or obtaining registrations for AMIGA, AMIGA ONE, AMIGA OS, the "Boing Ball" mark, WORKBENCH, KICKSTART and AMIGA FOREVER in the Benelux; KICKSTART in France, Italy, and Spain; AMIGA in Germany; AMIGA

GORDON E. R. TROY PC
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

FOREOVER, AMIGAOS, and WORKBENCH in the European Union.

47.     Hyperion's acts, taken together, were intended to mislead the public into believing that Hyperion possessed rights that it did not have; to appropriate for itself the goodwill in AMIGA, AMIGA ONE, AMIGA OS, the "Boing Ball" mark, WORKBENCH, KICKSTART and AMIGA FOREVER; to conceal the fact that Hyperion was infringing Cloanto's copyrights; and to profit unfairly from the Settlement Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### By All Parties: Breach of Contract

48.     Plaintiffs repeat and incorporates by reference each of the allegations contained in paragraphs 1 through 47 of this Second Amended Complaint as if fully set forth herein.

49.     The Settlement Agreement, which settled various disputes in the Western District of Washington, New York Supreme Court, New York County, and the TTAB, constitutes a valid and binding agreement on the Amiga Parties and Hyperion.

50.     As an "Acquirer," Cloanto has the same rights and obligations (subject to Cloanto's Prior Rights) under the Settlement Agreement as the Amiga Parties.

51.     Plaintiffs have substantially performed their material obligations under the Settlement Agreement.

52.     Hyperion has committed numerous breaches of the Settlement Agreement as described hereinabove.

53.     As remedies for breach, paragraph 16 of the Settlement Agreement entitles the non-breaching parties to injunctive relief "in addition to and without prejudice to any other remedies such as specific performance…without the necessity of proving actual damage by reason of any such breach…"

54.     Plaintiffs are also entitled to a disgorgement of profits earned by Hyperion in violation of the Settlement Agreement, the amount of to be determined at trial.

GORDON E. R. TROY PC
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

**AS AND FOR A SECOND CAUSE OF ACTION**
**By Cloanto: Copyright Infringement**

55.     Cloanto repeats and incorporates by reference each of the allegations contained in paragraphs 1 thorough 54 of this Second Amended Complaint as if fully set forth herein.

56.     In violation of the Settlement Agreement and without Cloanto's permission, Hyperion has created, distributed, and sold the derivative works titled "Kickstart 3.1 (40.72) for desktop Amigas" (a/k/a "Kickstart 3.1.3") and "AmigaOS 3.1.4;" has distributed and sold Kickstart ROM versions 1.3 and 3.1; and has licensed Kickstart ROM versions 1.2 and 1.3. The foregoing are hereinafter collectively referred to as the "Infringing Products."

57.     Upon information and belief, Hyperion began distributing, selling, and licensing Kickstart ROM versions 1.2 and 1.3 because Hyperion's rights under the Settlement Agreement were insufficient for Hyperion to offer its customers the AMIGA software needed to run applications and games that pre-dated, and so were incompatible with, Amiga OS 3.1.

58.     Despite being aware of Cloanto's rights, and over Cloanto's objections, Hyperion continues to distribute, sell, or license some or all of the Infringing Products.

59.     Hyperion's copying, offering for sale, distributing, and/or licensing the Infringing Products without Cloanto's permission constitute copyright infringement under 17 U.S.C. § 501, *et seq*.

60.     Hyperion's acts of copyright infringement were and are willful and intentional.

61.     As a consequence of Hyperion's unlawful acts of copyright infringement as alleged herein, Cloanto has suffered and will continue to suffer damages in an amount to be determined at trial.

62.     Unless Hyperion is restrained from engaging in its infringing conduct, Plaintiff will be irreparably harmed.

63.     Because the copyrights of Amiga operating system 3.1, and Kickstart ROM versions 1.3 and 3.1, were registered long prior to the commencement of Hyperion's infringing

conduct, Cloanto is entitled to statutory damages and legal fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### By Cloanto: Integrity of Copyright Management Information

64.     Cloanto repeats and incorporates by reference each of the allegations contained in paragraphs 1 thorough 63 of this Second Amended Complaint as if fully set forth herein.

65.     Both Amiga operating system 3.1 and Kickstart ROM version 3.1 included copyright management information ("CMI") as that term is described in section 17 U.S.C. § 1202. Said CMI identified the authors of those works as Commodore-Amiga, Inc., the rights and copyrights of which are now owned and registered to Cloanto.

66.     In preparation for sale in physical products and download, Hyperion removed the CMI from these works and replaced it with copyright information that falsely identified Hyperion as the author and copyright holder.

67.     Thereafter, Hyperion sold Infringing Products with false copyright information.

68.     By removing and altering the CMI on these works, providing false copyright information in connection with Infringing Products, and distributing and selling such Infringing Products, Hyperion acted in violation of 17 U.S.C. § 1202.

69.     Upon information and belief, Hyperion intentionally removed and altered CMI, and replaced it with false copyright information, knowing that it was removed, altered and replaced it without the authority of Cloanto or the law, and knowing or having reasonable grounds to know that such conduct would enable, facilitate, or conceal Hyperion's acts of infringement.

70.     Upon information and belief, Hyperion's removal and alternation of CMI and replacement with false copyright information was intended to mislead the public into believing that Hyperion possesses the right to sell Infringing Products, and thereby conceal the fact that Hyperion was infringing Cloanto's copyrights.

71.     Hyperion's conduct alleged herein is in violation of the 17 U.S.C. § 1202, and

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 17

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

entitles Cloanto to additional and enhanced damages against Hyperion, including but not limited to statutory damages, attorneys' fees, and penalties pursuant to 17 U.S.C. § 1203 and other applicable provisions of the Copyright Act.

## AS AND FOR A FOURTH CAUSE OF ACTION
### By Amiga: Common Law Trademark Infringement

72.  Amiga repeats and incorporates by reference each of the allegations contained in paragraphs 1 through 54 of this Second Amended Complaint as if fully set forth herein.

73.  Amiga is the owner of the internationally known trademark AMIGA for computers, software and related goods, and is also the owner of AMIGAOS, AMIGAONE, POWERED BY AMIGA, KICKSTART, and the "Boing Ball" mark (collectively, the "Amiga Marks").

74.  Amiga has used the Amiga Marks in commerce since the 1980s for computers, software, and related goods, either directly, or through predecessors-in-interest or licensees.

75.  Amiga owns registrations of some of the Amiga Marks, including AMIGA, in various jurisdictions outside the United States.

76.  Under the Settlement Agreement, Hyperion was granted only limited rights in the Hyperion Licensed Marks, and no rights whatsoever to use AMIGA, POWERED BY AMIGA or KICKSTART.

77.  In violation of the Settlement Agreement and without permission from Amiga, Hyperion has used the "Amiga," "Amiga OS," "Kickstart" and/or the "Boing Ball Mark" in connection with the distribution, sale and/or licensing of various products, including New Hyperion 3.1 Kickstart ROM, AmigaOS Workbench 3.1, Kickstart 1.2, Kickstart 1.3, and Kickstart 3.1, and "Kickstart 3.1 (40.72) for desktop Amigas." Such uses include but may not be limited to:

    a.  displaying the AMIGA mark on the boot-up screen of Kickstart 1.3 until the user inserts a bootable medium containing the disk-based portion of Amiga

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

OS 1.3 (or lower);

b. placing and displaying the "Boing Ball" on the boot-up screen of "Kickstart 3.1" (together with the false and misleading copyright notice that reads "Copyright © 1985-2016 Hyperion Entertainment CVBA);"

c. using AMIGA OS and the "Boing Ball" mark in connection with advertising, marketing, offering for sale, and selling downloads, floppy disks, and ROM chips of the 3.1.4 Products;

d. using "Powered BY AMIGA OS" and the "Boing Ball" mark on T-shirts, hoodies, drawstring bags, cooking apron, coffee cups and other merchandise;

e. falsely claiming ownership of, and filing applications for, registration in the United States for AMIGAOS, AMIGAONE, and the "Boing Ball" marks;

f. falsely claiming ownership of and filing applications and/or obtaining registrations for AMIGA, AMIGA ONE, AMIGA OS, the "Boing Ball" mark, and KICKSTART in the Benelux; KICKSTART in France, Italy, and Spain; AMIGA in Germany; and AMIGAOS in the European Union.

78. Hyperion's unlawful conduct complained of herein was and is intended to capitalize on the good will in the Amiga Marks for Hyperion's own pecuniary gain.

79. Hyperion's unlawful conduct complained of herein was and is (a) calculated to confuse, deceive and mislead consumers into believing that such uses have been authorized by Amiga, and (b) intended to appropriate the Amiga Marks for itself as against its licensor, Amiga, Inc.

80. Hyperion's unlawful conduct complained of herein has caused and unless enjoined will continue to cause confusion among consumers as to the rightful ownership and use of the Amiga Marks and the Hyperion Licensed Marks.

81. Hyperion's acts complained of herein constitute unfair competition which, unless

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 19

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

enjoined by the Court, will result in (a) damage to and destruction and/or diversion of the good will in the Amiga Marks, and (b) unjust enrichment of Hyperion.

## AS AND FOR A FIFTH CAUSE OF ACTION
### By Amiga: Unfair Competition (15 U.S.C. § 1125(a); Lanham Act § 43(a))

82.     Amiga repeats and incorporates by reference each of the allegations contained in paragraphs 72 through 81 of this Second Amended Complaint as if fully set forth herein.

83.     The conduct of Hyperion complained of herein constitutes the use of symbols or devices, or false designations of origin, false or misleading descriptions of fact, or false and misleading representations of fact, which are likely to cause confusion, mistake, or deception regarding the rights of Amiga and Hyperion in and to the ownership and use of the Amiga Marks.

84.     Hyperion's conduct was undertaken willfully and with intent to cause confusion, mistake, or deception on the part of the public.

85.     By engaging in the acts complaint of herein, Hyperion has substantially damaged the good will in the Amiga Marks.

86.     Hyperion's conduct has caused, and unless enjoined will continue to cause, irreparable harm and injury to the good will in the Amiga Marks for which there is no adequate remedy at law.

87.     Hyperion's conduct has also caused, and unless enjoined will continue to cause, inevitable public confusion for which there is no adequate remedy at law.

88.     Pursuant to 15 U.S.C. § 1116, Amiga is entitled to injunctive relief to enjoin Hyperion from using the Amiga Marks in any manner not expressly authorized in the Settlement Agreement.

89.     Pursuant to 15 U.S.C. § 1117, Amiga is entitled to recover damages in an amount to be determined at trial.

90.     Hyperion's acts of unfair competition as alleged herein constitute an exceptional case and were undertaken willfully, thereby entitling Amiga to receive three times its actual

damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

## AS AND FOR A SIXTH CAUSE OF ACTION
### By Cloanto: Common Law Trademark Infringement

91.     Cloanto repeats and incorporates by reference each of the allegations contained in paragraphs 1 through 90 of this Second Amended Complaint as if fully set forth herein.

92.     In 2016, Amiga failed to renew its U.S. Reg. No. 1401045 (the "'045 Registration") for AMIGA, covering "Computers, computer disk drives, ram expansion cartridges, computer monitors, and computer modems," in class 9.

93.     Until on or about October 24, 2018, the status of the Amiga corporate entity in the State of Delaware was "VOID" for failure to pay franchise taxes.

94.     On or about October 24, 2018, Amiga, Inc. was "revived" by payment of franchise taxes and placed in "good standing" in the State of Delaware.

95.     Under Delaware Code Title 8, § 312, Amiga, Inc. was revived with the same force and effect as if its status had never been void, and all "contracts, acts, matters and things made, done and performed within the scope of its certificate of incorporation by the corporation" are thereby validated.

96.     On January 2, 2017, while Amiga, Inc. was in "void" status, Cloanto filed, on an intent-to-use basis, Application Serial No. 87287078, for AMIGA, covering "Computer game programs; Computer game software downloadable from a global computer network; Computer hardware; Computer hardware and computer peripherals; Computer operating programs; Computer operating software; Computer operating systems; Computer programs for video and computer games; Computer software for emulating computer hardware, emulating computer operating systems on personal computers and mobile devices and instructional user guides sold as a unit; Computer software for emulating computer hardware, emulating computer operating systems on personal computers and mobile devices that may be downloaded from a global computer network; Computer software for emulating computer hardware, emulating computer

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

operating systems on personal computers and mobile devices; Computer software platforms for emulating computer hardware and computer operating systems; Computer software, namely, game engine software for video game development and operation; Computer software for emulating computer hardware and computer operating systems that may be downloaded from a global computer network; Digital media, namely, pre-recorded video cassettes, digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, and high definition digital discs featuring software, games, music, videos, text, eBooks; Downloadable computer game software via a global computer network and wireless devices" in International Class 9 (the "'078 Application").

97.     In fact, Cloanto has used the AMIGA trademark substantially exclusively in commerce in the United States since 2012.

98.     Cloanto's '078 Application was published for opposition on May 9, 2017.

99.     On November 6, 2017, Hyperion timely (after permitted extensions) filed Opposition No. 91237628, claiming that Cloanto's applied-for AMIGA mark was confusingly similar to two of the Hyperion Licensed Marks that Hyperion sought to register on an intent-to-use basis on February 8, 2017, a month after Cloanto filed its '078 Application: AMIGAONE (Application Serial No. 87329448) and AMIGAOS (Application Serial No. 87329431).

100.    By signing Exhibit 3, Cloanto recognized, and continues to recognize, Hyperion's right as licensee under the Settlement Agreement to "exclusive" use of AMIGA OS and AMIGA ONE in connection with the marketing and distribution of AmigaOS 4.0, subject, however, to Cloanto's Prior Rights that permit Cloanto to use "AmigaOS" and "Amiga operating system" in connection with all Amiga operating systems prior to 4.0.

101.    Given Cloanto's Prior Rights and the fact that Hyperion was only granted a limited license to use AMIGA OS and AMIGA ONE, Hyperion has no lawful claim to ownership or registration of AMIGA, or to oppose Cloanto's application for AMIGA.

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 22

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

102.    If the Court finds that Amiga has for any reason relinquished or forfeited ownership of the AMIGA mark, then Cloanto is the rightful owner of that mark, with the right to register same in the United States.

103.    Hyperion's unauthorized use of AMIGA and AMIGAOS in connection with the promotion, marketing and sale of AmigaOS Workbench 3.1, AmigaOS 3.1.3, and the 3.1.4 Products (i.e., "AmigaOS 3.1.4") and Kickstart ROM versions 3.1 and 1.3 (which also displays the AMIGA mark), and its unauthorized trademark applications to register AMIGA ONE and AMIGA OS in the United States constitute trademark infringement on the AMIGA mark.

104.    Hyperion's unlawful conduct complained of herein was and is intended to capitalize on the good will in AMIGA for Hyperion's own pecuniary gain.

105.    Hyperion's unlawful conduct complained of herein was and is (a) calculated to confuse, deceive and mislead consumers into believing that such uses have been authorized by Cloanto, and (b) intended to appropriate the AMIGA mark for itself as against Cloanto.

106.    Hyperion's unlawful conduct complained of herein has caused and unless enjoined will continue to cause confusion among consumers as to the rightful ownership and use of the AMIGA and the Hyperion Licensed Marks.

107.    Hyperion's acts complained of herein constitute unfair competition which, unless enjoined by the Court, will result in (a) damage to and destruction and/or diversion of the good will in AMIGA, and (b) unjust enrichment of Hyperion.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### By Cloanto: Unfair Competition (15 U.S.C. § 1125(a); Lanham Act § 43(a))

108.    Cloanto repeats and incorporates by reference each of the allegations contained in paragraphs 91 through 107 of this Second Amended Complaint as if fully set forth herein.

109.    The conduct of Hyperion complained of herein constitutes the use of symbols or devices, or false designations of origin, false or misleading descriptions of fact, or false and misleading representations of fact, which are likely to cause confusion, mistake, or deception

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

regarding the rights of Amiga and Hyperion in and to the ownership and use of AMIGA.

110.   Hyperion's conduct was undertaken willfully and with intent to cause confusion, mistake, or deception on the part of the public.

111.   By engaging in the acts complained of herein, Hyperion has substantially damaged the good will in the AMIGA mark.

112.   Hyperion's conduct has caused, and unless enjoined will continue to cause, irreparable harm and injury to the good will in the AMIGA mark for which there is no adequate remedy at law.

113.   Hyperion's conduct has also caused, and unless enjoined will continue to cause, inevitable public confusion for which there is no adequate remedy at law.

114.   Pursuant to 15 U.S.C. § 1116, Cloanto is entitled to injunctive relief to enjoin Hyperion from using AMIGA (including AMIGA OS) in any manner not expressly authorized in the Settlement Agreement.

115.   Pursuant to 15 U.S.C. § 1117, Cloanto is entitled to recover damages in an amount to be determined at trial.

116.   Hyperion's acts of unfair competition as alleged herein constitute an exceptional case and were undertaken willfully, thereby entitling Cloanto to receive three times its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### By All Parties: for an Order Declaring that Hyperion is Not the Rightful Owner of Any of the Marks for which Hyperion has Applied or been Granted Registration

117.   Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1 through 116 of this Second Amended Complaint.

118.   Under the Settlement Agreement, Hyperion's rights in AMIGAOS, AMIGA OS, AMIGAONE, AMIGA ONE, and the Boing Ball Mark are strictly limited to the licensed use of those marks in connection with the commercial exploitation of Amiga OS 4.0, future versions

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 24

GORDON E. R. TROY PC
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

thereof, (e.g., 5.0) and related hardware.

119.    At no time did Hyperion acquire independent rights to use and register AMIGAOS, AMIGA OS, AMIGAONE, or AMIGA ONE, which are confusingly similar to the AMIGA trademark that Amiga, directly or by its predecessors-in-interest and licensees, has used substantially and exclusively in commerce in the United States since the 1980s.

120.    At no time was Hyperion granted any rights to use POWERED BY AMIGAOS, which is confusingly similar to Amiga's POWERED BY AMIGA mark.

121.    At no time was Hyperion granted any rights to use KICKSTART, which is owned by Amiga.

122.    At no time was Hyperion granted any rights to use WORKBENCH in anything other than an historical context (as the name of a desktop environment), which mark was owned by Amiga until 2011, and thereafter by Cloanto.

123.    At no time was Hyperion granted any rights to use the AMIGA mark.

124.    At no time was Hyperion granted any rights to use AMIGA FOREVER, which has been in use by Cloanto since 1997, and registered by Cloanto in 2011.

125.    Hyperion's trademark applications and registrations violate the Settlement Agreement.

126.    As parties to the Settlement Agreement and persons who believe they would be damaged by Hyperion's registration of any of the Amiga Marks, Plaintiffs have standing to ask this Court to grant declaratory relief with respect to the applications wrongfully filed and registrations wrongfully obtained by Hyperion.

127.    Accordingly, Plaintiffs respectfully request that this Court declare that Hyperion is not the rightful owner of, and must relinquish to Amiga (or in the case of WORKBENCH and AMIGA FOREVER, to Cloanto), or withdraw or cancel, as applicable, the following applications and registrations:

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 25

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

a.  U.S. App. No. 87329431 for AMIGAOS;

b.  U.S. App. No. 87329448 for AMIGAONE;

c.  U.S. App. No. 87329469 for the "Boing Ball" Mark;

d.  Benelux Reg. No. 1019369 for AMIGAONE;

e.  Benelux Reg. No. 1019518 for AMIGA;

f.  Benelux Reg. No. 1354122 for the "Boing Ball" Mark;

g.  Benelux Reg. No. 1014998 for KICKSTART;

h.  Benelux Reg. No. 1010723 for AMIGAOS;

i.  Benelux Reg. No. 1009642 for AMIGA FOREVER;

j.  Benelux Reg. No. 1008486 for WORKBENCH;

k.  France App. No. D. 18 4475019 for KICKSTART;

l.  Germany Reg. No. 302017113262 for AMIGA;

m.  Italy App. No. 302018000027648 for KICKSTART;

n.  Spain App. No. 3718535 M7 for KICKSTART;

o.  EUTM Reg. No. 16745093 for AMIGA FOREVER;

p.  EUTM Reg. No. 16733024 for AMIGAOS;

q.  EUTM 16732208 for WORKBENCH; and

r.  any other trademark application or registration anywhere in the world of the Amiga Marks, WORKBENCH or AMIGA FOREVER.

## AS AND FOR AN NINTH CAUSE OF ACTION
### By All Parties: for an Order Directing the USPTO to Deny Opposition No. 91237628

128.   Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1 through 127 of this Second Amended Complaint.

129.   Hyperion's Opposition No. 91237628 is premised on two falsehoods: first, that Hyperion has the right to use the AMIGA trademark; and second, that Cloanto could or would

GORDON E. R. TROY PC
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

use its rights to prevent Hyperion from exercising its rights to use AMIGA OS or AMIGA ONE.

130.    The Settlement Agreement expressly precludes Hyperion from attacking any AMIGA mark on the basis that it is confusingly similar to AMIGA OS or AMIGA ONE.

131.    By operation of Section 2 of the Settlement Agreement, Hyperion agreed that it would never challenge "the use and/or ownership of any Amiga Mark (other than [the Hyperion Licensed Marks]) by any … licensee …unless the challenged activity constitutes a material breach of this Agreement …" by such licensee.

132.    Registration of the AMIGA mark by Plaintiff Cloanto, does not constitute a breach of the Settlement Agreement and does not prevent Defendant from continuing to use the Hyperion Licensed Marks, because Cloanto has signed Exhibit 3, which obligates Cloanto not to interfere with any rights of Hyperion under the Settlement Agreement.

133.    At no time has Cloanto ever interfered with any rights that Hyperion was granted under the Settlement Agreement.

134.    Accordingly, in order for Plaintiffs to receive complete relief of their unfair competition claims against Hyperion, as well as for the sake of judicial economy, Plaintiffs seek an order from this Court directing the TTAB to deny Hyperion's Opposition no. 91237628.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment against Hyperion as follows:

A. Granting Plaintiffs a preliminary and permanent injunction enjoining Hyperion, together with its officers, agents, servants, employees, assigns, successors and attorneys, and all other persons acting in concert with any of them from:

   i.    using AMIGA OS, AMIGAOS, AMIGAONE, AMIGA ONE and/or the "Boing Ball" mark for any purpose other than the distribution, marketing, and sale of Amiga OS

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 27

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

4.0, subsequent versions and related hardware;

ii.   using AMIGA, POWERED BY AMIGA, POWERED BY AMIGAOS, KICKSTART and/or WORKBENCH for any purpose, including but not limited to use on merchandise;

iii.   using false copyright notices and claiming it is the owner and author of rights that were never granted or only granted by limited license;

iv.   registering or attempting to register, anywhere in the world, the marks AMIGA, KICKSTART, WORKBENCH, AMIGA OS, AMIGAOS, AMIGAONE, AMIGA ONE and/or the Boing Ball mark and any AMIGA-formative mark, including but not limited to POWERED BY AMIGAOS.

B.   Ordering the recall from the marketplace and destruction or other reasonable disposition of all unauthorized products, including but not limited to all 3.1.4 Products, releases of Amiga operating system 3.1, and products that include Kickstart 1.2, 1.3, and 3.1;

C.   Directing Hyperion to account for and pay over to the Amiga Parties all gains and profits derived by Hyperion as a consequence of its breach of the Settlement Agreement;

D.   Directing Hyperion to account for and pay over to Cloanto all gains and profits derived by Hyperion as a consequence of its infringement of Cloanto's copyrights, pursuant to 17 U.S.C. § 504;

E.   Awarding Cloanto maximum statutory damages, pursuant to 17 U.S.C. § 504 and 17 U.S.C. § 1203;

F.   Awarding Cloanto an increased award of statutory damages upon a finding that Hyperion's infringement was committed willfully, pursuant to 17 U.S.C. § 504(c)(2);

G.   Awarding Cloanto an increased award of statutory damages as provided in 17 U.S.C. § 1203;

H.   Awarding Plaintiffs attorneys' fees incurred in investigating, bringing, and prosecuting

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 28

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

this action;

I. Pursuant to 15 U.S.C. § 1117(a), awarding Plaintiffs treble damages  for Hyperion's acts of common law infringement;

J. Declaring that Hyperion is not the rightful owner of, and that Hyperion must relinquish to Amiga (or in the case of WORKBENCH and AMIGA FOREVER, to Cloanto), or withdraw or cancel, as applicable, the following applications and registrations: (1) U.S. App. No. 87329431 for AMIGAOS; (2) U.S. App. No. 87329448 for AMIGAONE; (3) U.S. App. No. 87329469 for the Boing Ball Mark; (4) Benelux Reg. No. 1019369 for AMIGAONE; (5) Benelux Reg. No. 1019518 for AMIGA; (6) Benelux Reg. No. 1354122 for the Boing Ball Mark; (7) Benelux Reg. No. 1014998 for KICKSTART; (8) Benelux Reg. No. 1010723 for AMIGAOS; (9) Benelux Reg. No. 1009642 for AMIGA FOREVER; (10) Benelux Reg. No. 1008486 for WORKBENCH; (11) France App. No. D. 18 4475019 for KICKSTART; (12) Germany Reg. No. 302017113262 for AMIGA; (13) Italy App. No. 302018000027648 for KICKSTART; (14) Spain App. No. 3718535 M7 for KICKSTART; (15) EUTM Reg. No. 16745093 for AMIGA FOREVER; (16) EUTM Reg. No. 16733024 for AMIGAOS; and (17) EUTM 16732208 for WORKBENCH.

K. Awarding the Plaintiffs costs and disbursements of this action;

L. Awarding the Plaintiffs pre- and post-judgment interest on any monetary award, including any award of attorneys' fees; and

M. Awarding the Plaintiffs, such other, further, or different relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Plaintiffs request a trial by jury on all issues so triable.

Second Amended Complaint
Case No. 2:18-cv-00381
Page | 29

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962

1

2

DATED this 29th day of December, 2018.

3

By /s/ Gordon E. R. Troy
4     Gordon E. R. Troy
      *Pro Hac Vice*
5     Gordon E. R. Troy, PC
      5203 Shelburne Road
6     Shelburne, VT 05482
      Tel. (802) 881-0640
7     FAX (610) 588-1962
      gtroy@webtm.com
8

By /s/ Michael G. Atkins
9     Michael G. Atkins, WSBA# 26026
      Atkins Intellectual Property, PLLC
10    113 Cherry Street #18483
      Seattle, WA 98104-2205
11    Tel (206) 628-0983
      Fax (206) 299-3701
12    mike@atkinsip.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2018, I electronically filed with the Clerk of the Court, using the CM/ECF system, the foregoing SECOND AMENDED COMPLAINT OF CLOANTO CORPORATION, AMIGA, INC., ITEC, LLC, AND AMINO DEVELOPMENT CORPORATION with JURY DEMAND.

The CM/ECF system will send notification of such filing to the following counsel of record:

Rhett V Barney RhettB@leehayes.com

Robert J Carlson bob@leehayes.com, litigation@leehayes.com, ShellyG@leehayes.com and soniav@leehayes.com

Sarah E Elsden Sarah.Elsden@leehayes.com, ShellyG@leehayes.com

By /s/ Gordon E. R. Troy
Gordon E. R. Troy
*Pro Hac Vice*
Gordon E. R. Troy, PC
5203 Shelburne Road
Shelburne, VT 05482
Tel. (802) 881-0640
FAX (610) 588-1962
gtroy@webtm.com

Certificate of Service, Plaintiffs' Motion for Preliminary Injunction
Case No. 2:18-cv-00381
Page | 1

**GORDON E. R. TROY PC**
5203 Shelburne Road
P.O. Box 1180 Shelburne, VT 05482
(802) 881-0640/Fax: (646) 588-1962