UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLOANTO CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> HYPERION ENTERTAINMENT CVBA, <br><br> Defendant. | Case No. C18-381RSM <br><br> ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER |

## I.  INTRODUCTION

This matter comes before the Court on the Motion filed by Plaintiffs Amiga, Inc., Itec, LLC, Amino Development Corporation (collectively the "Amiga Parties"), and Cloanto Corporation ("Cloanto") seeking to modify the Court's Scheduling Order to permit Plaintiffs to file a third amended complaint with new claims and to add a party. Dkt. #57. Defendant Hyperion opposes. Dkt. #59. For the reasons set forth below, the Court DENIES Plaintiffs' Motion.

## II.  BACKGROUND

### A. Procedural History

This case began as two separate lawsuits. Cloanto first filed against Hyperion on December 14, 2017, in the Northern District of New York. Case No. 2:18−cv−00535−RSM, Dkt. #1. Hyperion later brought the instant action against Plaintiffs on March 13, 2018. Dkt. #1. On July 30, 2018, these cases were consolidated. Case No. 2:18−cv−00535−RSM, Dkt. # 40.

ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER - 1

The Court entered the Scheduling Order in this case on September 21, 2018, with a deadline of October 19, 2018, for the parties to join additional parties or to amend pleadings. Dkt. # 32. This deadline was set after the Court reviewed the Joint Status Report, where the parties had agreed to a deadline to join parties of October 1, 2018. Dkt. #31.

On December 28, 2018, the Court granted leave for the parties to file a second amended complaint to consolidate claims and "reorganize the Parties' positions to reflect Cloanto Corporation, Amiga, Inc., Itec, LLC, and Amino Development Corporation as Plaintiffs, and Hyperion Entertainment CVBA as Defendant." Dkt. # 46. The Second Amended Complaint was filed on December 29, 2018. Dkt. # 47.

On January 14, 2019, Hyperion filed a Motion to Dismiss in Part Plaintiffs' Second Amended Complaint. Dkt. #52. That Motion is currently pending.

Plaintiffs filed the instant Motion on March 6, 2019. Dkt. #57. Plaintiffs seek to add a party, C-A Acquisition Corp., to add a cause of action for tortious interference with contract, and to add claims against Hyperion for unfair or deceptive acts under RCW 19.86. *Id*.

**B. Other Relevant Background Facts**

On November 28, 2018, a new entity, C-A Acquisition Corporation, was formed. *See* Dkt #61-1. C-A and Cloanto are both owned by the same person, Michele "Mike" Console Battilana. Dkt. #57-3 ("Battilana Declaration"), ¶ 2.

On February 1, 2019, weeks after Hyperion's Motion to Dismiss was filed and a mere three days before Plaintiffs' Response brief was due, C-A Acquisition acquired all remaining intellectual property assets of Plaintiff Amiga, Inc. and then turned around and granted Cloanto the right to register and monetize the trademark "AMIGA." Battilana Declaration, ¶¶ 3–4. Plaintiffs believe

ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER - 2

that "the rights granted to Cloanto resolve all questions raised by Hyperion in its motion to dismiss in part (Dkt. No. 52) as to Cloanto's standing to bring trademark claims."  Dkt. #57 at 2.

### III.   DISCUSSION

#### A. Legal Standard

Once a district court files a scheduling order pursuant to Federal Rule of Civil Procedure 16 and the deadlines for amending a pleading or joining a party expire, a party's motion to amend a pleading or join an additional party is governed by Rule 16, not Rule 15.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The decision to modify a scheduling order is within the broad discretion of the district court.  *Johnson*, 975 F.2d at 607.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  *Id.* at 609.  If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule.  *Id.*  However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted.  *Id.*  Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."  While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b).  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

#### B. Analysis

Hyperion argues Plaintiffs have not acted diligently to meet the deadlines for adding a party or amending their claims.  Hyperion first points out that "Plaintiffs had knowledge well before the end of January 2019 to bring [these] additional claims, given the [October 2018] cease and desist

ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER - 3

letters seeking to stop Hyperion from continuing to sell products." Dkt. #59 at 8 (citing Dkt. # 51 at ¶¶ 5-11).  Second, Hyperion points to Plaintiffs' December 2018 Motion for Preliminary Injunction, which referenced facts supporting these new claims.  *Id*. (citing Dkt. #45 at 17 ("distributors continued selling the 'AmigaOS 3.1.4' products in spite of the cease-and-desist notices")).  Third, Hyperion argues undue delay given the three months between when C-A Acquisition was formed and the February 1 transfer of rights to Cloanto.  Finally, Hyperion asserts prejudice given the legal resources it has already marshalled to oppose Plaintiff's current Second Amended Complaint and given the effect this would have on ongoing discovery.  *Id*. at 10.

Plaintiffs argue the delay in bringing a tortious interference of contract claim was based on good faith "caution" while they "watched" and "sent out further cease-and-desist letters as it became necessary."  Dkt. #62 at 3.  Plaintiffs contend they could not prove monetary damages from Hyperion's actions until January 28, 2019.  *Id*.  However, Plaintiffs concede that they could have brought a claim under RCW 19.86 in their much-earlier Second Amended Complaint.  *Id*. at 3–4.  Plaintiffs argue that "C-A Acquisition acquired all rights in the trademarks that are at issue in this case, including the right to sue and recover for past infringements," and that "[a]ccordingly, Amiga, Inc. has relinquished those rights, and only C-A Acquisition, and Cloanto may bring the trademark infringement and related trademark claims made in this action."  *Id*. at 5.  Plaintiffs contend there was no undue delay in adding C-A Acquisition as a party, because although the deadline in this case for joining additional parties was October 19, 2018, "C-A Acquisition did not exist on October 19, 2018 and could not execute a 'Successor To/Acquirer From' form until Friday, February 1, and promptly did so…"  Dkt. #62 at 3.  The second declaration of Mike Battilana describes a back and forth negotiating process to acquire Amiga's intellectual property assets starting in October 2017, and the creation of C-A Acquisition in 2018 at the point in the

ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER - 4

process when "some encouraging signs" made it seem "that a closing was imminent." *See* Dkt. #62-1.

The Court must consider the lengthy procedural history of this case in examining whether Plaintiffs have demonstrated good cause to modify the scheduling order, and particularly whether Plaintiffs have demonstrated diligence.  The parties have already been granted multiple opportunities to amend their claims.  Given the record, the Court agrees with Hyperion that Plaintiffs could have, with diligence, brought claims for tortious interference with contract and for unfair or deceptive acts under RCW 19.86 in their Second Amended Complaint, filed three months prior to the instant Motion and after the deadline for amending the pleadings.  There has been undue delay, and Plaintiffs have failed to demonstrate good cause to modify the Scheduling Order to allow the addition of these claims.

Turning to the question of adding a new party, the Court is struck by how Plaintiffs' actions appear reactive to Hyperion's pending Motion to Dismiss.  Hyperion's ability to defend these claims is prejudiced by Plaintiffs' attempts to shuffle the parties and the rights of those parties mid-case.  Although Plaintiffs discuss their efforts to move quickly in February and March of this year, Plaintiffs do not adequately explain why C-A Acquisition was created after this case was filed, and after the deadline for joining new parties.  Plaintiffs do not adequately explain the delay between creating C-A Acquisition and the February 1 transfer.  If the Court considers Mike Battilana's assertions that he was trying to acquire Amiga's rights well before Hyperion's pending Motion to Dismiss was filed, this does not explain why Plaintiffs could not have moved the Court for an extension of these deadlines at an earlier point.  Plaintiffs' actions do not strike the Court as demonstrating diligence and granting this Motion would prejudice Defendant Hyperion.  Accordingly, the Court will deny this Motion in its entirety.

ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER - 5

## IV. CONCLUSION

The Court, having considered the parties' briefing, the declarations and exhibits in support thereof, and the remainder of the record, hereby finds and ORDERS that Plaintiffs' Motion to Modify Scheduling Order, Dkt. #57, is DENIED.

DATED this 8 day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE