UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLOANTO CORPORATION, *et al.*,

Plaintiffs,

vs.

HYPERION ENTERTAINMENT CVBA,

Defendant.

Case No. C18-381 RSM

ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION

This matter comes before the Court on the Motion for Reconsideration filed by Plaintiffs Amiga, Inc., Itec, LLC, Amino Development Corporation, and Cloanto Corporation. Dkt. #67. Plaintiffs move for partial reconsideration of the Court's Order Denying Motion to Modify Scheduling Order, Dkt. #65, specifically seeking reconsideration of the denial of the addition of C-A Acquisition Corp. as a party. The Court has determined that response briefing is unnecessary. See LCR 7(h)(3).

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Plaintiffs point to the following as "facts the [sic] could not have been brought to the Court's attention." Dkt. #67 at 2–3. Following the end of briefing on Plaintiff's Motion, Defendant

ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION - 1

Hyperion informed Plaintiffs that depositions needed to be rescheduled to accommodate medical and family issues; and discovery deadlines were extended. *Id*. Plaintiffs argue that "[u]nder such circumstances, adding C-A Acquisition would not cause prejudice to Hyperion." *Id*. at 3.

Plaintiffs point to the following as "facts and circumstances that were misapprehended by the Court." *Id*. First, Plaintiffs argue they could not have moved for an extension of the deadline to add parties or amend the pleadings because "closing the asset purchase agreement [to purchase rights for the newly formed C-A Acquisition] was not inevitable by any means." *Id*. Plaintiffs blame the delay in acquiring the rights on the law firm of Reed Smith, which was acting on behalf of the largest shareholders in Amiga, Inc., the seller. *Id*. Plaintiffs also argue that "publicly revealing in a court filing that Mr. Battilana was privately negotiating to purchase Amiga's intellectual property assets would have been promptly reported on the various Amiga-related news sites that have been following this case, thereby running the certain risk of inviting other bidders, including potentially Hyperion." *Id.* at 4. Plaintiffs state, "[a]lthough the foregoing facts could have been brought to the Court's attention in Plaintiffs' original motion, Plaintiffs could not have thought that the Court would have expected Battilana to divulge the fact that he was in confidential negotiations…" *Id*.

The Court relies on the facts and analysis as set forth in its prior Order and incorporated by reference here. *See* Dkt. #65. The Court finds Plaintiffs have failed to show manifest error or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. First, Plaintiffs' new facts only go to the potential prejudice faced by Hyperion, and in any event only slightly reduce that potential prejudice. Plaintiffs fail to provide any new facts demonstrating diligence or good cause as required to modify the Court's Scheduling Order. Second, Plaintiffs' argument as to the Court's misapprehensions do not rise to the level of

manifest error. Plaintiffs argue that the delays were outside their control, but do not adequately explain why the remainder of the facts surrounding the creation of C-A Acquisition demonstrate good cause. As the Court stated in its Order, "Plaintiffs do not adequately explain why C-A Acquisition was created after this case was filed, and after the deadline for joining new parties." Dkt. #65 at 5. In any event, Plaintiffs fail to demonstrate that the Court erred in finding, based on the record before it at the time, that Plaintiffs failed to act diligently in seeking an extension of deadlines before they expired.

The Court, having considered Plaintiffs' briefing, the declarations and exhibits in support thereof, and the remainder of the record, hereby finds and ORDERS that Plaintiffs' Motion for Partial Reconsideration (Dkt. #67) is DENIED.

DATED this 25th day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE