UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLOANTO CORPORATION, AMIGA, INC., ITEC, LLC and AMINO DEVELOPMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HYPERION ENTERTAINMENT CVBA,<br><br>Defendant. | No. C18-0381-RSM<br>(consolidated with C18-0535-RSM)<br><br>ORDER DENYING DEFENDANT HYPERION'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFFS' MOTION TO BAR WITHDRAWAL OF COUNSEL |
| HYPERION ENTERTAINMENT CVBA<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>CLOANTO CORPORATION, AMIGA, INC., ITEC, LLC and AMINO DEVELOPMENT CORPORATION,<br><br>Counterclaim Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on two pending motions: Defendant-Counterclaim Plaintiff Hyperion Entertainment CVBA ("Hyperion")'s Motion for Reconsideration, Dkt. #119, and Plaintiffs-Counterclaim Defendants Cloanto Corporation, Amiga, Inc., ITEC LLC, and Amino Development Corporation (collectively, "Plaintiffs")'s Motion to Bar Withdrawal and Substitution of Counsel, Dkt. #126. Neither party requests oral argument and the Court finds it unnecessary for resolution of the issues. Having reviewed parties' briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court DENIES Defendant Hyperion's Motion for Reconsideration and DENIES Plaintiffs' Motion to Bar Withdrawal of Counsel.

## II. BACKGROUND

On May 20, 2021, Plaintiffs filed an unopposed motion to vacate and reset pre-trial deadlines in this matter, and to allow parties time to depose a new witness. Dkt. #117. Defendant-Counterclaim Plaintiff Hyperion Entertainment CVBA ("Hyperion") failed to file a response prior to the deadline. On May 28, 2021, pursuant to Plaintiffs' proposed order, the Court reset case deadlines and allowed parties additional time to depose Evert Carton. Dkt. #118.

On June 3, 2021, Hyperion moved for reconsideration of the Court's order resetting deadlines, explaining that Defendants' counsel failed to respond because he was without internet access or cell phone reception at the time Plaintiff moved to vacate and reset pre-trial deadlines. Dkt. #119 at 2. Hyperion now requests that the Court amend its order to allow for depositions of Plaintiffs' principals and require that parties participate in mediation following a ruling on summary judgment. *Id.* at 4-5. Hyperion also advises the Court that it intends to secure replacement counsel and seeks additional extension of the case deadlines to give their counsel more time to become acquainted with the case. *Id.* at 5-6.

On June 13, 2021, Hyperion moved to quash the deposition notice of Evert Carton on June 14, 2021 on the basis that Hyperion's new counsel, hired on June 9, 2021, only just learned of the deposition and had not received adequate information on the logistics. Dkt. #123 at 5. Hyperion represented that Plaintiffs faced no potential prejudice from the Court quashing the notice of

deposition on June 14, given that its scheduling order allowed for taking of the deposition up until June 27. *Id.* at 7. Mr. Harrison did "not permit the deposition of Evert Carton to proceed as noted," Dkt. #126 at 2, and on June 16, 2021, Hyperion withdrew its pending motion to quash. Dkt. #124. That same day, Hyperion filed a notice of withdrawal of counsel advising that Eric Harrison at Attorney West Seattle, P.S. was withdrawing and Hyperion was now represented by John Bamert at Lowe Graham Jones PLLC ("Lowe Graham"). Dkt. #125.

On June 21, 2021, Plaintiffs filed a Motion to Bar Withdrawal and Substitution of Counsel, arguing that Hyperion's substitution violated this district's local rules and amounted to an improper attempt to interfere with the Carton deposition scheduled for June 25. Dkt. #126. Hyperion opposes Plaintiffs' motion on the basis that Mr. Harrison properly withdrew in accordance with LCR 83.2 and should not be compelled to attend the deposition. Dkt. #128.

The Court will address both pending motions herein.

## III. DISCUSSION

### A. Hyperion's Motion for Reconsideration

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Hyperion argues that the information set forth in its Motion for Reconsideration constitutes "new evidence" that the Court could not previously consider in its ruling on Plaintiffs' unopposed motion. Dkt. #119 at 4. Hyperion provides no support for its proposition that evidence and argument presented for the first time in a motion for reconsideration, due to counsel's failure to file a timely opposition, amounts to "new facts." On the contrary, courts have denied motions for reconsideration that attempted to present evidence or argument that could have been raised in a timely opposition brief. *See LHF Prods., Inc. v. Koehly*, No. 216CV02028JADNJK, 2017 WL 4767673, at *4 (D. Nev. Oct. 20, 2017) ("LHF failed to file a response to the underlying motion raising this argument, and a motion for reconsideration 'may *not* be used to raise arguments or

present evidence for the first time when they could reasonably have been raised earlier in the litigation.'") (quoting, *inter alia*, *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) (emphasis in original).

Having considered Hyperion's explanation for its untimely arguments, the Court is not persuaded that Hyperion's failure to present its arguments earlier amounts to "reasonable diligence" for purposes of LCR 7(h)(1). On May 5, 2021, with trial set for June 14, 2021, parties discussed a joint stipulation to extend pretrial deadlines—an apparent acknowledgment that trial would not proceed as scheduled. Dkt. #120 at ¶ 3. Hyperion's counsel, Mr. Harrison, was unavailable the following week and without internet access or cell phone reception from May 13-17, 2021 and again from May 19-31, 2021. *Id.* at ¶ 4. On May 20, 2021, with jury trial still set in this matter for June 14, Plaintiffs contacted Mr. Harrison with a proposed joint stipulation to continue the trial date. *Id.* at ¶ 6. Upon receiving Mr. Harrison's out-of-office reply, Plaintiffs proceeded to file their motion to vacate and reset deadlines. *Id.* at ¶ 7.

While Hyperion's motion suggests that Plaintiffs timed their motion to coincide with Mr. Harrison's out-of-office period, the Court need not address that issue here. Regardless of Plaintiffs' intention in filing their motion on May 20, 2021, it is apparent that both parties sought to continue a jury trial date less than four weeks away. Indeed, one of the pre-trial deadlines had already expired before Plaintiffs finally moved to strike the case schedule. *See* Dkt. #98 (motions in limine due May 19, 2021). Given the imminence of trial, the expiration of a pre-trial deadline, and the fact that parties had ample opportunity to reach an agreement outside of Mr. Harrison's out-of-office dates, the Court cannot conclude that Hyperion's failure to file a timely response regarding a rapidly-approaching trial deadline amounts to "reasonable diligence." Moreover, denial of Hyperion's motion for reconsideration does not preclude Hyperion from seeking its requested relief through stipulation or a properly-filed motion. For these reasons, Hyperion's Motion for Reconsideration is DENIED.

//

//

**B. Plaintiffs' Motion to Bar Withdrawal and Substitution of Counsel**

Turning to Plaintiffs' motion to bar Mr. Harrison's withdrawal, Plaintiffs argue that Mr. Harrison's withdrawal failed to comply with LCR 83.2(b)(2). LCR 83.2 provides:

> (2) Where there has simply been a change of counsel within the same law firm, an order of substitution is not required . . . However, where there is a change in counsel that effects a termination of one law office and the appearance of a new law office, the substitution must be effected in accordance with subsection (b)(1), which requires leave of court.
>
> (3) Where a party is represented by multiple attorneys from the same or different firms and one or more attorneys wish to withdraw but will not leave the client without representation, leave of the court to withdraw is not required. The withdrawing attorney(s) shall file a Notice of Withdrawal, which shall include a statement that the client remains represented and identifies the remaining attorneys. The Notices shall be signed by the withdrawing attorneys and the remaining attorney(s) of record to confirm that fact.

W.D. Wash. Local Rules LCR 83.2(b). Here, attorneys John Bamert and Kevin Regan at Lowe Graham appeared on June 13, 2021 for Hyperion. Dkts. #121, #122. On June 16, 2021, Mr. Harrison filed his Notice of Withdrawal pursuant to LCR 82.3(b)(3), which included the statement that Hyperion was represented by Mr. Bamert and Lowe Graham. That Notice was properly signed by both Mr. Harrison and Mr. Bamert. On this basis, the Court finds that Mr. Harrison's withdrawal complied with LCR 83.2(b)(3).

Given that Mr. Harrison has properly withdrawn from the case, the Court finds no basis to compel Mr. Harrison's attendance at the Carton deposition. To the extent Plaintiffs claim that Mr. Harrison's withdrawal will delay the newly-reset deadlines, including the deposition of Mr. Carton, Hyperion has confirmed that it "agrees that the deposition can proceed as scheduled . . . ." Dkt. #128 at 3. Plaintiffs' Motion to Bar Withdrawal also claims that Hyperion's new counsel is "unauthorized" and cannot legally represent Hyperion. *See* Dkt. #126 at 4 (Arguing that individuals at Hyperion "lack[] the requisite corporate power to engage new counsel."). These arguments regarding Lowe Graham's potential disqualification are irrelevant to the issue at hand,

which is whether Mr. Harrison properly withdrew and, if not, whether he must be compelled to attend the Carton deposition. Given that Mr. Harrison withdrew in accordance with LCR 83.2(b)(3), and considering Hyperion's claim that his withdrawal will not delay the scheduled Carton deposition, the Court finds no basis to compel his attendance. For these reasons, Plaintiffs' Motion to Bar Mr. Harrison's Withdrawal is DENIED.

**CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows:

(1) Hyperion's Motion for Reconsideration, Dkt. #119, is DENIED;

(2) Plaintiffs' Motion to Bar Withdrawal and Substitution of Counsel and to Compel Attorney to Attend Deposition, Dkt. #126, is DENIED.

DATED this 22nd day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE