The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLOANTO CORPORATION, AMIGA, INC., ITEC, LLC and AMINO DEVELOPMENT CORPORATION,<br><br>                Plaintiffs,<br><br>  - against -<br><br>HYPERION ENTERTAINMENT CVBA,<br><br>                Defendant. | Civil Action No.: 2:18-cv-00381-RSM (consolidated with 2:18-cv-00535)<br><br>**MOTION FOR RECONSIDERATION**<br><br>NOTE ON MOTION CALENADR:<br>April 13, 2023 |
| HYPERION ENTERTAINMENT CVBA<br><br>                Counterclaim Plaintiff,<br><br>  - against -<br><br>CLOANTO CORPORATION, AMIGA, INC., ITEC, LLC and AMINO DEVELOPMENT CORPORATION,<br><br>                Counterclaim Defendants. | |

MOTION FOR RECONSIDERATION
Case No. 2:18-cv-00381
Page | 1

**GORDON E. R. TROY PC**
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

Pursuant to Fed. R. Civ. P. 54(b) and Local Rule 7(h), Plaintiffs Cloanto Corporation, Amiga, Inc., Itec, LLC, and Amino Development Corporation submit this Motion for Reconsideration of the Court's Order of March 30, 2023 (Dkt. No. 141), asking the Court to reconsider its decision and reverse its dismissal of the First, Second, Third, and Eighth Causes of Action in the Second Amended Complaint on the basis of manifest error.

In its Order of May 16, 2019, the Court found that the Settlement Agreement, by virtue of the "Successor/Acquirer" form, did not confer on Cloanto the rights that would have been conferred had there been an assignment, but then clarified that "<u>This finding does not preclude Cloanto from pursuing</u>" copyright claims against Hyperion, "<u>or from relying on the terms of the Settlement Agreement to determine Hyperion's rights under copyright and trademark law</u>." Dkt. 69, 6:4-17 (emphasis added). Yet, the Court's recent Order found that the opposite is true: that Cloanto has no right to pursue copyright claims because they constitute an "Amiga Prohibited Action," as Cloanto "lacks standing to sue for breach of the Settlement Agreement." Dkt. 141, 8:2-3. This finding constitutes manifest error. It both contradicts the Court's earlier determination and produces the following absurd results that the parties did not intend: (1) it eviscerates Cloanto's copyrights (because <u>every</u> action is, by definition, an "Amiga Prohibited Action," and therefore acquirers of Amiga, Inc.'s intellectual property can never enforce their rights against Hyperion regardless of how egregious Hyperion's infringements may be); (2) it defeats Cloanto's ability to license its copyrights, since Hyperion could simply infringe the granted rights or even grant the same rights itself, leaving Cloanto and its licensees with no recourse; and (3) it leaves the Amiga Parties with a Settlement Agreement pursuant to which their intellectual property would become worthless if ever sold because Hyperion could (as Plaintiffs have argued) infringe their trademarks and copyrights with impunity.

Clearly, the parties to the Settlement Agreement contemplated that Amiga had rights in copyrights and trademarks that – like any owner – it could enforce, license, and assign. Hyperion's interest in such case was to protect its rights under the Settlement Agreement, which

MOTION FOR RECONSIDERATION  
Case No. 2:18-cv-00381  
Page | 2

**GORDON E. R. TROY PC**  
183 Highfield Drive, West Windsor, VT 05089  
P.O. Box 67, Windsor, VT 05089  
(802) 881-0640

was the very reason for the Successor/Acquirer form; Amiga's interest was to ensure that it could sell its intellectual property rights that would be valuable to an acquirer. There is no evidence that the parties had any other intent.

Under Washington law, contracts "should be given a practical and reasonable rather than a literal interpretation, and not a strained or forced construction leading to absurd results." *Hendrix v. Branton*, No. C93-537-TSZ-RSM, 2012 WL 2455741, at *5 (W.D. Wash. June 26, 2012). *See also*, *Bryant v. Am. Seafoods Co., LLC*, No. C07-740-RSM, 2007 WL 3273520, at *2 (W.D. Wash. Nov. 2, 2007) (courts are prohibited from adopting constructions that lead to absurd results or that render contractual language "meaningless or superfluous").

The absurd results that the Court's March 30 Order causes can be avoided by adopting a different interpretation – one that is consistent with the language of the Non-Aggression provision, does not render the remaining contractual language meaningless or superfluous, and does not work the manifest injustice of eviscerating Cloanto's rights.

Although the standard method of defining contract terms is to place capitalized words in quotation marks and parentheses following the relevant language, there is no rule that anything following the parentheses is irrelevant to the definition. Here, the exception clause ("unless the challenged activity constitutes a material breach of this Agreement") is followed by the statement that "[t]he Amiga Parties understand and acknowledge that this Agreement is an absolute defense…," therefore not limiting the application of the clause only to the Amiga Parties. (Emphasis added.) (Settlement Agreement at ¶ 2, second sentence.) Had the parties intended to limit it to Amiga, the Agreement would have said that "the Amiga Parties understand and acknowledge that the foregoing definition is an absolute defense…" But it does not. Instead, the second sentence treats the Amiga Parties, successors, purchasers, and licensees on an equal footing, necessarily modifying the meaning of "Amiga Prohibited Action" as applied to acquirers such as Cloanto.

MOTION FOR RECONSIDERATION  
Case No. 2:18-cv-00381  
Page | 3

GORDON E. R. TROY PC  
183 Highfield Drive, West Windsor, VT 05089  
P.O. Box 67, Windsor, VT 05089  
(802) 881-0640

In its May 16, 2019, Order, the Court correctly found that the Settlement Agreement would define the scope of Hyperion's rights in any action brought by Cloanto for infringement of Cloanto's intellectual property rights. In this understanding, whether Hyperion's conduct "constitutes a material breach of this Agreement" is a factual matter that can be determined without Cloanto having to "enforce" the Settlement Agreement itself. The Order was clear about the difference between contract rights and intellectual property rights, and Plaintiffs relied on that finding because the Non-Aggression provision, by all appearances, is aimed at contract claims, not intellectual property claims. None of the subsequent language in the Non-Aggression provision or any other provision of the Settlement Agreement contradicts this understanding. The only provision in the Settlement Agreement that actually prohibits "Purchasers" (which is defined in Section 18(c) to include "any Amiga Party or its successor, or the acquirer or buyer," and includes Cloanto) from asserting contract rights is the Non-Aggression provision, so it makes practical (and logical) sense that the Non-Aggression provision was intended to prevent them from doing so.

Finally, even accepting the Court's Catch-22 finding, at least some of Cloanto's copyright infringement claims in the Second Amended Complaint do not fit the definition of an "Amiga Prohibited Action" because they do not arise out of Hyperion's "use, marketing, licensing, or sublicensing of the Software or AmigaOS 4 or Hyperion's use of the Licensed Marks in connection therewith." (Settlement Agreement at ¶ 2, first sentence). These include Hyperion's infringing conduct regarding Kickstart 1.2 and Kickstart 1.3, and Hyperion's creation of AmigaOS 3.1.4 (and subsequently 3.2), none of which are included in the definition of "Software" in Definition "n" of the Settlement Agreement.[1] (*Id*. at 2.)

---

[1] Likewise, C-A Acquisition's claims against Hyperion's use of the AMIGA, KICKSTART, and WORKBENCH marks also do not arise out of Hyperion's use of the "Licensed Marks" because none of those marks were licensed.

MOTION FOR RECONSIDERATION  
Case No. 2:18-cv-00381  
Page | 4  

GORDON E. R. TROY PC  
183 Highfield Drive, West Windsor, VT 05089  
P.O. Box 67, Windsor, VT 05089  
(802) 881-0640

## CONCLUSION

For these reasons, Plaintiffs urge the Court to reconsider its decision and reinstate the First, Second, Third, and Eighth Causes of Action in the Second Amended Complaint.

DATED: April 13, 2023.

By /s/ Gordon E. R. Troy
Gordon E. R. Troy
*Pro Hac Vice*
Gordon E. R. Troy, PC
183 Highfield Drive
West Windsor, VT 05089
Tel. (802) 881-0640
gtroy@webtm.com

By /s/ Michael G. Atkins
Michael G. Atkins, WSBA# 26026
Atkins Intellectual Property, PLLC
113 Cherry Street #18483
Seattle, WA 98104-2205
Tel (206) 628-0983
Fax (206) 299-3701
mike@atkinsip.com

I certify that this memorandum contains 1,147 words, in compliance with the Local Civil Rules.

MOTION FOR RECONSIDERATION
Case No. 2:18-cv-00381
Page | 5

GORDON E. R. TROY PC
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640