The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLOANTO CORPORATION, AMIGA, INC., ITEC, LLC and AMINO DEVELOPMENT CORPORATION,<br><br>Plaintiffs,<br><br>- against -<br><br>HYPERION ENTERTAINMENT CVBA,<br><br>Defendant. | PLAINTIFFS' OPPOSITION TO HYPERION'S MOTION FOR ATTORNEY'S FEES<br><br>Civil Action No.: 2:18-cv-00381-RSM (consolidated with 2:18-cv-00535)<br><br>Noted on Motion Calendar: April 28, 2023 |
| HYPERION ENTERTAINMENT CVBA<br><br>Counterclaim Plaintiff,<br><br>- against -<br><br>CLOANTO CORPORATION, AMIGA, INC., ITEC, LLC and AMINO DEVELOPMENT CORPORATION,<br><br>Counterclaim Defendants. | |



**GORDON E. R. TROY PC**
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

## INTRODUCTION

The Court hasn't entered final judgment in this case. Hyperion hasn't even asked it to. Therefore, its motion for an award of attorney's fees is premature. Yet, even if Hyperion had explained why there is "no just reason for delay" as needed to justify continuing the case in piecemeal, an award of attorney's fees under copyright and trademark law would still be inappropriate.

The Court should not award discretionary fees under the Copyright Act because in 2019, it found that Cloanto could pursue such claims. An award also would be inappropriate when Hyperion did not dispute Cloanto's ownership of the works, the validity of the subject registrations, or even its own acts that gave rise to Cloanto's infringement claims. It merely (albeit successfully) defended Cloanto's copyright claims based on the terms of the parties' Settlement Agreement.

This also is not an "exceptional" case as needed for the Court to award fees under the Lanham Act. To the contrary, the parties litigated the matter fairly, engaged in monthslong settlement discussions, and when Hyperion abruptly terminated those discussions, the parties filed cross-motions for summary judgment. Though Hyperion ultimately prevailed, Plaintiffs' trademark claims were far from meritless, which the Court itself confirmed when it denied Hyperion's motion to dismiss the claims at the outset of the case.

Lastly, an award against Plaintiffs' owner and attorney in their personal capacities would be improper when Cloanto isn't a "shell" corporation – it started doing business 20 years before the litigation began and continues to operate today – and its attorney did not violate Rule 37, disregard a court order, or engage in any other conduct that would justify such a harsh and unusual sanction.

For these reasons, Hyperion's motion should be denied.



GORDON E. R. TROY PC
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

## FACTS

On January 14, 2019, Hyperion moved to dismiss Plaintiffs' Second Amended Complaint, including Plaintiffs' First Cause of Action (breach of contract) as to Cloanto, Seventh Cause of Action (unfair competition) as to Cloanto, and Eighth Cause of Action (as to the Amiga Parties' foreign trademark rights). Dkt. 52, 2:4-13.

On February 4, 2019, Plaintiffs filed their brief in opposition, which advised that Amiga, Inc., had transferred its trademark rights to C-A Acquisition Corp. three days earlier. Dkt. 54, 2:14-22. On May 16, 2019, the Court granted Hyperion's motion in part and denied it in part. In particular, the Court dismissed the First and Seventh Causes of Action as to Cloanto, but held that Cloanto was not precluded "from pursuing other claims against Hyperion related to copyright or trademark infringement, or from relying on the terms of the Settlement Agreement to determine Hyperion's rights under copyright and trademark law." Dkt. 69, 6:15-17.

The Court denied Hyperion's motion with respect to the Eighth Cause of Action, holding that,

> Taken as a whole, [the Settlement Agreement] could be interpreted as granting Hyperion the right to use a narrow list of AMIGA trademarks, in such a way that the use by Hyperion of other related AMIGA trademarks would be in violation of the Agreement. The Court has jurisdiction over the remaining contract claim between the Amiga Parties and Hyperion, and can rule that Hyperion has breached that contract without "scrutiny of the administrative acts of multiple foreign trademark officials."

*Id.*, 8:8-14.

As of the date of that Order, Hyperion, its attorneys, and, obviously, the Court, were all well aware that: (a) the Amiga Parties did not own the trademarks whose foreign applications and registrations were at issue in the Eighth Cause of Action; and (b) Cloanto was the owner of all Amiga-related copyrights, including AmigaOS 3.1, the "Software" licensed to Hyperion.

Although Plaintiffs disagreed with the Court's additional finding that Cloanto had no contract rights, the Court's Order gave the parties a clear path going forward: Cloanto could seek



GORDON E. R. TROY PC
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

to enforce its copyrights and trademark rights, and the Amiga Parties could seek to enforce their contract rights. Naturally, Plaintiffs relied on that Order in prosecuting those claims. Had the Court instead ruled that Plaintiffs' claims were not viable, the litigation would have concluded or been taken on appeal. But that is not what happened.

Instead, the parties met, conferred, and stipulated to extend case deadlines, agreeing that:

> Additional time is needed to complete discovery given the procedural posture of this consolidated action [and] the complex nature of the pending claims and counterclaims … <u>and the effect of the Court's recent decisions</u>.

Dkt. 71, 2:6-9. (Emphasis added.)

The law firm of Lee & Hayes, P.C., which continued to represent Hyperion until March 2020, never raised the Settlement Agreement's "non-aggression" provision. That provision was first raised by Hyperion through new attorneys in its Motion for Summary Judgment two years later. Plaintiffs had no reason to know that, in 2023, the Court would find that the "non-aggression" provision left Plaintiffs with no viable claims after all.

Nor did Hyperion know. After the Court granted Plaintiffs' motion to reset the pretrial calendar and permit the parties to take a new deposition, Hyperion filed a motion for reconsideration stating that, "Given the pendency of the motions [for summary judgment], Defendant … does not know which causes of action will go to trial or even whether trial will occur." Dkt. 119, 2:18-20.

## <u>ARGUMENT</u>

### I. <u>Hyperion's Motion for Attorneys' Fees is Premature</u>.

Against this factual background, the Court should deny Hyperion's motion, first, because it is premature. Motions for attorneys' fees must be made within 14 days after entry of judgment, Fed. R. Civ. P. 54(d)(2)(B)(i), and must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Hyperion's motion is premature because "no judgment has been entered. Without a judgment, [Hyperion] cannot



GORDON E. R. TROY PC
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

possibly 'specify the judgment ... entitling [it] to the award.'" *Unicolors Inc. v. H&M Hennes & Mauritz,* L.P., Case No.: 2:16-cv-02322, 2018 WL 10321879 (C.D. Cal. April 25, 2018) *citing* Fed. R. Civ. P. 54(d)(2)(B)(ii).

Fed. R. Civ. Pro. 54(b) likewise provides that any "order or other decision … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties.…" The rule states that only "if the court expressly determines that there is no just reason for delay" may it "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." *Id*.

Here, the Court hasn't entered final judgment. Hyperion hasn't even asked it to do so. Nor has Hyperion established that there is no "overlap of factual or legal issues between those claims disposed of … and those still pending before the trial court," or that a final judgment "will aid expeditious decision of the case," or explained why the Court should ignore "the policy of preventing piecemeal appeals in cases that should be reviewed on appeal as a single unit." *Pinnacle Processing Group, Inc. v. Hartford Casualty Insurance Company*, No. C10-1126-RSM, 2011 WL 6013804 *2 (W.D. Wash. Dec. 2, 2011).[1]

Hyperion's pending counterclaims do not merely overlap with the factual and legal issues of the claims addressed in the Court's March 30, 2023, Order ("2023 Order"); they are practically mirror images of those claims. Dkt. 142, p. 87:9-88:15. That an immediate entry of judgment would result in piecemeal litigation is obvious. If the Court denies Plaintiffs' pending Motion for Reconsideration (Dkt. 143) and enters final judgment, Plaintiffs will appeal. Should the Ninth Circuit reverse the 2023 Order and Hyperion prevail on its twelve counterclaims (which could not stand in the face of such reversal), Plaintiffs would again appeal. "The appeals

---

[1] Internal quotations and citations are omitted throughout this brief unless otherwise indicated.



GORDON E. R. TROY PC
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

court, then, would be required to visit this matter twice. This appears to be precisely the concern regarding entry of judgment as to less than all of the claims." *Pinnacle Processing*, *supra*.

Hyperion's failure to address these factors and explain "why this is the type of unusual case that merits entry of judgment as to less than all of the claims" is fatal to its motion. *Id*.

**II. Hyperion's Allegations Regarding "Scorched Earth" Litigation are Unfounded**.

Plaintiffs did not engage in "non-compromising, scorched earth" litigation, as Hyperion asserts. Dkt. 144, 6:10-16. As the Court may recall, the dispute began when Hyperion filed opposition proceedings with the Trademark Trial and Appeal Board objecting to Cloanto's application to register AMIGA as a trademark. On December 14, 2017, Cloanto brought suit against Hyperion in the Northern District of New York for copyright and trademark infringement. That choice of venue was not unusual or vexatious. Cloanto did so because: (a) the infringement occurred in that district; (b) Cloanto was not a party to the Settlement Agreement; (c) no party had ever requested that Cloanto sign "Exhibit 3" to that Agreement; and (d) New York is much closer to both Hyperion and Cloanto, and their principals, than Washington State. Hyperion responded by filing suit in this Court (Dkt. 1) against Cloanto and the Amiga Parties, and then moved to dismiss, transfer or stay the New York action. Cloanto agreed to transfer the New York case. *Cloanto Corporation v. Hyperion Entertainment*, Case 5:17-cv-01353-EK-ATB (N.D.N.Y.), Dkt. 13, 14. A month later, at Hyperion's request, Cloanto signed Exhibit 3 and sent it to Hyperion's attorneys. There is nothing sinister in this history.

The remainder of Hyperion's "scorched earth" allegations consists of distorted claims attempting to excuse the conduct of Ben Hermans and Hyperion's attorneys, Messrs. Harrison and Bamert, in May and June 2021. In response to that conduct, and in order to secure a window for taking the deposition of Evert Carton, Plaintiffs filed a motion (Dkt. 117), which the Court granted eight days later (Dkt. 118). Hyperion then filed a Motion for Reconsideration (Dkt. 119), a Motion to Quash (Dkt. 123), and a Notice to Withdraw the Motion to Quash (Dkt. 124), while



GORDON E. R. TROY PC
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

Plaintiffs filed a Motion to Bar Withdrawal and Substitution of Counsel based on Hyperion's lack of corporate authority to retain new counsel. As these facts show, Plaintiffs prosecuted their case with the same intensity as Hyperion.

**III. <u>Even if the Court Had Entered Final Judgment on Plaintiffs' Claims, Hyperion Still would Not be Entitled to an Award of Attorneys' Fees</u>.**

**A. Discretionary fees are not justified under the Copyright Act.**

The Copyright Act permits an award of legal fees to a prevailing party at the court's discretion. 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). In determining whether to award fees under the Copyright Act, the Ninth Circuit, following *Fogarty*, considers:

> frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence … so long as such factors are faithful to the purposes of the Copyright Act.

*Shame on You Productions, Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018). These factors militate against awarding fees here.

*Frivolousness, Motivation, and Objective Unreasonableness*

A claim is neither frivolous nor objectively unreasonable if it is brought in good faith, and the mere fact that a party loses on summary judgment "cannot establish his objective unreasonability." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013). "A claim is frivolous when it lacks an arguable basis either in law or in fact. [It] must be clearly baseless, such as factual claims that are fantastic or delusional scenarios." *Greg Young Publ'g, Inc. v. Zazzle, Inc.*, No. 2:16-CV-04587, 2018 WL 1626053, at *5 (C.D. Cal. Mar. 21, 2018), *aff'd*, 785 F. App'x 417 (9th Cir. 2019). "A claim is objectively unreasonable where the party advancing it should have known from the outset that its chances of success in the case were slim to none." *King v. IM Glob.*, No. CV-15-09646, 2017 WL 2620695, at *2 (C.D. Cal. Jan. 25, 2017).



GORDON E. R. TROY PC
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

Here, Cloanto owned the copyrights at issue long before this case commenced, and holds registrations for the "Software" licensed to Hyperion, among other Amiga-related copyrights. Dkt. 47, ¶¶ 25-26. As discussed further below, Hyperion's claim that Plaintiffs "created a shell corporation and assigned any rights they had to such shell corporation," Dkt. 144, 5:21-6:4, has no factual basis whatsoever.

Hyperion has never disputed that Cloanto owned the copyrights and associated registrations. It merely asserted that "Hyperion has not infringed any valid and enforceable copyright belonging to Plaintiffs." Dkt. 70, p. 48, ¶ E. The 2019 Order found that Cloanto could proceed with its claims that Hyperion exceeded the Settlement Agreement's copyright grant, Dkt. 69, 6:15-17. The parties litigated on that basis: Hyperion produced documents related to Cloanto's copyright claims on August 13, September 6, 12, and 26, and October 1, 2019, and the parties retained experts, who provided an expert report (Plaintiffs) and rebuttal (Hyperion) regarding the scope of Hyperion's rights. Declaration of Gordon E. R. Troy, ¶¶ 3-5. Even after the parties filed cross-motions for summary judgment, the Court permitted them to depose Mr. Carlton, who testified in support of Cloanto's copyright claims. Dkt. 133, § II.

The parties also spent many months attempting to negotiate a settlement. Dkt. 91, 93, 95, 97. Hyperion itself advised the Court on January 20, 2021, that "the Parties reached the terms of settlement on the main agreement" and that only ancillary matters needed attending. Dkt. 97, 2:9-16. Shortly thereafter, however, it walked away from settlement. Declaration of Michele "Mike" Console Battilana ("Battilana Dec.") ¶ 10.

At all times, Cloanto prosecuted its copyright claims in good faith and in accordance with the Court's 2019 Order. Hyperion cannot point to any facts that "presented a clear resolution" that should have required Cloanto to withdraw its claims. *See, e.g.*, *Wongab Corporation v. Anthropology, Inc.*, Case No. 2:19-cv-04561, 2020 WL 5415394 *1 (C.D. Cal. July 1, 2020) (plaintiff who litigated until it became aware that it did not hold a copyright prior to filing suit



**GORDON E. R. TROY PC**
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

found not to have proceeded frivolously). The parties simply disagreed (and continue to disagree) as to what rights they possessed. Nor is there any evidence that Cloanto's actions "were taken solely to harass the defendant or without the belief that its copyright infringement claim rested on solid legal ground." *ZilYen, Inc. v. Rubber Mfrs. Ass'n*, 958 F.Supp.2d 215, 221 (U.S.D.C. D.C. 2013). Therefore, its claims were not frivolous, driven by improper motive, or objectively unreasonable at the time they were filed or at any time thereafter.

*Deterrence and Considerations of Compensation*

Courts must be faithful to the purposes of the Copyright Act in awarding attorneys' fees under § 505, and requests for fees should be considered in light of the "American Rule." *Fogerty*, 510 U.S. at 533-4 and n. 19. Moreover, "it is not the purpose of the Copyright Act to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful." *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, No. C-12-4601 EMC, 2014 WL 1724478 at *8 (N.D. Cal. Apr. 29, 2014). In its Motion for Summary Judgment, Hyperion did not dispute the validity of Cloanto's registrations, Cloanto's ownership of the underlying works, or the specific acts of infringement that Cloanto alleged. Instead, it relied on a unique and purely contractual defense that Cloanto's claims constituted an "Amiga Prohibited Action." Dkt. 105, § III.F.

In the Ninth Circuit, the "pivotal criterion" in determining whether attorneys' fees should be awarded is "whether the *successful defense* of the action furthered the purposes of the Act, not whether a *fee award* would do so." *Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 816 (9th Cir. 2003) (Emphasis in original.). Here, Hyperion's successful defense to Cloanto's copyright claims, based on a unique contractual provision, did not further the Copyright Act's "primary objective" "to encourage the production of original, literary, artistic, and musical expression for the good of the public." *Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. 2:11-CV-2112 (FB), 2016 WL 8999243, at *2 (D. Ariz. Oct. 24, 2016). *See also, King v. IM*



**GORDON E. R. TROY PC**
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

*Global*, No. 15-cv-9646, 2017 WL 2620695, at *3 (C.D. Cal. Jan. 25, 2017) (because plaintiff's claim "was neither frivolous nor objectively unreasonable, the Court cannot conclude that [p]laintiff should have been deterred from pursuing it" by awarding defendant legal fees); and *SellPoolSuppliesOnline.com LLC v. Ugly Pools Arizona Inc.*, No. 15-cv-01856, 2019 WL 1118206, *8 (D. Ariz. Mar. 11, 2019), *aff'd*, 804 F. App'x 668 (9th Cir. 2020) (successful defense found not to weigh in favor of fee award because it didn't directly "further the goal of the Copyright Act").

**B. This is not an "exceptional" case under the Lanham Act.**

The Lanham Act only authorizes awarding attorney's fees in "exceptional" cases in light of "totality of the circumstances," which requires consideration of criteria similar to those used in determining an award under the Copyright Act. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 and n. 6 (2014). As the Supreme Court has clarified, fees should only be awarded in "rare" cases, for example, "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Id*. at 557.

Plaintiffs made their trademark claims in good faith, based on the evidence and the law. Plaintiffs' position that they, and later, also C-A Acquisition, could require Hyperion to use only those trademark rights granted under the Settlement Agreement was not frivolous or unreasonable. Plaintiffs understood Exhibit 3 to confer certain rights to enforce the Settlement Agreement when the scope of granted rights was violated, and proffered good faith arguments supporting that understanding. In the 2019 Order, the Court found that Cloanto could not enforce the Settlement Agreement, but <u>could</u> enforce its intellectual property rights. Nothing in that Order indicates that Plaintiffs' position was frivolous or objectively unreasonable.

The Court denied Plaintiffs' attempt to join C-A Acquisition as a party, but that attempt was also not frivolous or objectively unreasonable. Cloanto had been negotiating intensely since spring 2018 to acquire Amiga's trademarks. Battilana Dec. ¶ 5. Cloanto and C-A Acquisition



GORDON E. R. TROY PC
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

Corp. could not control the closing date of the asset purchase, which was determined by Amiga's counsel, Reed Smith. *Id*. at ¶ 7. Nor could Cloanto have divulged negotiations without jeopardizing them. *Id*. ¶ 9. When the deal finally closed, Cloanto paid a large sum of money for the assets, and both Cloanto and C-A Acquisition, a corporation established for the purpose of holding the transferred marks, indemnified the Amiga Parties from all liabilities, including those in the current case. *Id*. at ¶ 8. As previously discussed, Hyperion's claim about "shell" companies and transfers to avoid liability is simply untrue.

After the Court issued the 2019 Order, discovery continued, with Cloanto proceeding on its trademark claims (with the Settlement Agreement defining Hyperion's scope of rights) and the Amiga Parties proceeding on their breach of contract claims.

Given the totality of the circumstances and the 2019 Order, Hyperion cannot look back from March 30, 2023, and claim that Plaintiffs' claims were frivolous or objectively unreasonable, or that Plaintiffs acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

A fee award would also be inappropriate on the basis of deterrence. Deterrence-based fee awards in trademark cases should only be used "to dissuade the filing of baseless, frivolous lawsuits." *Alfred McZeal v. Amazon.com Servs. LLC*, No. 2:21-cv-07093, 2022 WL 19521359, at *2 (C.D. Cal. Aug. 16, 2022). Where there is no finding that a case is "exceptional," such awards should be denied as failing to "promote deterrence in a manner faithful to the purposes of the Lanham Act." *Id.*



**GORDON E. R. TROY PC**
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

**IV. There is no Basis to Find Cloanto's Principal or Attorney Personally Liable for Fees.**

Lastly, Hyperion argues that nonparties Mike Battilana (Cloanto's principal), and/or Gordon Troy (Cloanto's attorney), should be personally liable for the fees that Hyperion seeks. In ostensible support for this position, it asserts that Plaintiffs "colluded to engage in their shady games of shell corporations," and that such "games" were directed by Messrs. Battilana and Troy. Dkt. 144, 9:1-7, 10:16-20. Notably, Hyperion did not plead any of these allegations, and they are wholly unsupported in the record. It is beyond dispute that Cloanto owned the copyrights at issue before this lawsuit began. Dkt. 144, 5:21-6:4. No copyright assignments or transfers occurred during the pendency of this case. Nor is Cloanto a "shell" corporation. It has maintained its corporate form since June 15, 1998; it has a bank account, enters into contracts, pays expenses, and files tax returns. Battilana Dec. at ¶ 2. In short, it acts like any other business.

The out-of-circuit cases Hyperion cites in support of personal liability are also readily distinguishable. In *Iris Connex, LLC v. Dell, Inc.*, 235 F.Supp.3d 826 (E.D. TX 2017), the court permitted post-judgment discovery in a patent case justified by the defendant's presentation of "objective indicia of Plaintiff's shell corporation status." That discovery revealed that the plaintiff

> was not simply a non-practicing entity seeking to vindicate its patent rights—albeit with an exceptionally bad infringement case. Rather, as explained hereinafter, Iris Connex is the first level of two shell corporations which were intended to shield the real actor, Mr. Brian Yates, from personal liability.

*Id*. at 832-33. But what made the case exceptional was that the plaintiff's claim construction "was not only implausible but nonsensical," *id.* at 846, and prior conduct indicated that the claim was brought not to litigate on the merits, but to extract a payment in settlement. *Id*. at 849-850. Furthermore, no attorney in the case was held liable for legal fees.

In *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467 (5th Cir. 1985), another patent case on which Hyperion relies, the court found:



GORDON E. R. TROY PC
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

> In order to recover attorney fees, there must be proof of actual wrongful intent … or of gross negligence. The gross negligence standard has been defined as requiring willful, wanton, or reckless misconduct, or evidence of utter lack of all care.

In the end, the court ruled that the agent for the plaintiff (not its attorney) may be liable for legal fees "only if the district court finds that … his actions were in fact tortious or were undertaken in a personal capacity and not as agent of [defendant]." *Id*. at 475. By contrast, Hyperion presents no evidence that Cloanto's conduct – let alone that of Messrs. Battilana or Troy – was motivated by wrongful intent or was grossly negligent. At all times, Plaintiffs (including Cloanto) asserted their claims in good faith, in each case supporting them with evidence and authority, both before and after the Court's May 16, 2019, Order.

The last case Hyperion cites, *All. for Good Gov't v. Coal. for Better Gov't*, 998 F.3d 661 (5th Cir. 2021), is a trademark case found to be "exceptional" based on numerous acts by the plaintiff's principal, who also acted as its attorney. On the defendant's initial appeal, the Fifth Circuit noted the district court's findings that the defendant intended to cause consumer confusion when it adopted its mark, which was nearly identical to the plaintiff's mark; and that defendant filed "an unsupported laches defense," interposed a "counterclaim without any actionable conduct," and filed "a meritless motion to dismiss that was rendered moot by a summary judgment motion filed two weeks later." *Alliance*, 919 F.3d 291, 296 (5th Cir. 2019). (In the second appeal, the defendant's meritless conduct was summarized by the Fifth Circuit. 998 F.3d at 666.) None of those facts exist here. The Court has never found Plaintiffs' claims were frivolous, or that Cloanto, its owner, or its attorney acted in bad faith, violated a rule, or violated an order.

Hyperion also conspicuously cites no authority to justify the extraordinary remedy of holding Cloanto's attorney personally liable for a fee award, whether based on a "joint and several" theory, or otherwise. In *Ketab Corp. v. Mesriani and Assoc*., P.C., 734 Fed.Appx. 401, 412-13 (9th Cir. 2018), the Ninth Circuit made clear that holding an attorney responsible for a



**GORDON E. R. TROY PC**
183 Highfield Drive, West Windsor, VT 05089
P.O. Box 67, Windsor, VT 05089
(802) 881-0640

fee award in an "exceptional" case still requires a finding of bad faith on the attorney's part (under the court's inherent authority to impose sanctions) or recklessness "tantamount to bad faith" (under 28 U.S.C. § 1927, a statute that Hyperion did not discuss). The plaintiff's attorney in *Katab* "repeatedly raised claims based on legal theories that the court had previously dismissed." *Id.* Yet, nothing remotely similar occurred here. As such, an award of fees would be inappropriate.

## CONCLUSION

Hyperion's motion is both premature and unsupported. For the reasons stated above, it should be denied.

DATED: April 24, 2023.

By /s/ Gordon E. R. Troy
Gordon E. R. Troy
*Pro Hac Vice*
Gordon E. R. Troy, PC
183 Highfield Drive
West Windsor, VT 05089
Tel. (802) 881-0640
gtroy@webtm.com

By /s/ Michael G. Atkins
Michael G. Atkins, WSBA# 26026
Atkins Intellectual Property, PLLC
113 Cherry Street #18483
Seattle, WA 98104-2205
Tel (206) 628-0983
Fax (206) 299-3701
mike@atkinsip.com

Attorneys for Plaintiffs

I certify that this memorandum contains 4,063 words, in compliance with the Local Civil Rules.