THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CLOANTO CORPORATION, AMIGA, INC., ITEC, LLC and AMINO DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HYPERION ENTERTAINMENT CVBA,<br><br>Defendant. | 2:18-cv-00381-RSM<br>(Consolidated with 2:18-CV-0535)<br><br>**DEFENDANT AND COUNTERCLAIM PLAINTIFF HYPERION ENTERTAINMENT C.V.B.A'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES**<br><br>Note on Motion Calendar: April 28, 2023 |
| HYPERION ENTERTAINMENT CVBA,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>CLOANTO CORPORATION, AMIGA, INC., ITEC, LLC and AMINO DEVELOPMENT CORPORATION,<br><br>Counter-Defendants. | |



**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
BamertRegan.com
206.669.2402

Defendant Hyperion Entertainment C.V.B.A. ("Hyperion") should be awarded fees because it is the prevailing party and an award would advance the interests of the Copyright Act. The plaintiffs do not deny that, under the Copyright Act, fees may be awarded based on these two factors alone, even in the absence of other "culpability" factors. The plaintiffs likewise do not challenge, or even mention, the beneficial interests advanced by Defendant Hyperion's defenses, including (1) the encouragement of licensing to promote building upon the ideas and information conveyed by a copyrighted work, (2) the demarcation between rights owners with standing and harassing plaintiffs that lack such rights, and (3) the encouragement of defendants with meritorious defenses to litigate them.

The plaintiffs counter that the American Rule, not the Copyright Act, should apply because the plaintiffs were unaware of the non-aggression clause in the unambiguous Settlement Agreement. Such milquetoast argument is knocked down by common sense. The plaintiffs knew that attorneys' fees are typically awarded to the prevailing party under the Copyright Act, but the plaintiffs stepped into the ring anyway. The plaintiffs led with their chin by continuing to fight after they rang the bell when they assigned any rights they may have had to a nonparty. The plaintiffs should have known that their chances of success were slim to none because they admitted that "only C-A Acquisition and Cloanto can bring trademark and copyright infringement claims asserted in this action." Dkt. #62, 5:9–19. Moreover, the non-aggression clause in the Settlement Agreement unambiguously precluded the plaintiffs' success from the outset. Dkt. #141, 2:3–9 and 8:19–23. Despite lacking an arguable basis for their claims, the plaintiffs took a pugilistic approach that should be discouraged.

The plaintiffs equate their over-zealous litigation with Defendant Hyperion's motion to quash a deposition, but Defendant Hyperion being forced to file a motion to enable its counsel to



**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
BamertRegan.com
206.669.2402

attend a deposition fails to hold a candle to the plaintiffs' exceptional conduct, especially in view of their exceptional lack of opportunity for prevailing. For example, the plaintiffs refused to allow Defendant Hyperion's new counsel to participate in a deposition, let alone prepare for it. Dkt. #123 at 2, lines 1–7. As another example, the plaintiffs also refused to abide by the local rules with respect to remote depositions and even refused to meet and confer with respect to such issues. *Id.* at 3–4. Defendant Hyperion's motion to quash successfully convinced the plaintiffs to reschedule the deposition and to abide by the local rules, so Defendant Hyperion promptly withdrew such motion. Dkt #124. Accordingly, only the plaintiffs overstepped the bounds of zealous advocacy here, which in combination with the plaintiffs' reckless pursuit of its claims despite them being unmistakably doomed, supports an inference of bad faith.

The plaintiffs' bad faith and reckless conduct here greatly damaged Defendant Hyperion by over $360,000, and such irresponsible litigation was clearly driven by the plaintiffs' principal Michele "Mike" Console Battilana. The plaintiffs do not contend that any of them or C-A Acquisition offer or provide goods or services. The plaintiffs instead contend that neither they nor C-A Acquisition Corp are shell corporations because they engage in the minimum activities of a shell corporation. Their indisputable purpose is shielding Mr. Battilana from an award of attorneys' fees after he personally conducted or directed all activities that support the basis for the award of attorneys' fees here. Accordingly, if Defendant Hyperion is not permitted leave to immediately join Mr. Battilana for purposes of the attorneys' fee award, Defendant Hyperion requests the opportunity to conduct discovery into his role in directing the conduct that gave rise to the award of attorneys' fees.

The plaintiffs' attorney also conducted such bad faith and reckless litigation despite having the same information as the plaintiffs, but his exceptional conduct is exacerbated by his knowledge



**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
BamertRegan.com
206.669.2402

of the law, which did or should have caused him to know that the plaintiffs' chances of success here were slim to none. Accordingly, a joint and several award of attorneys' fees is warranted. *All. for Good Gov't v. Coal. for Better Gov't*, 998 F.3d 661, 666 (5th Cir.), *cert. denied*, 211 L. Ed. 2d 214, 142 S. Ct. 45 (2021) (affirming district court's award against agent of non-prevailing party).

There is no just reason for delay of the award of attorneys' fees because no claims or counterclaims remain pending. Dkt. #155.

The plaintiffs do not dispute that the requested attorneys' fees are reasonable. Defendant Hyperion incurred an additional $144 in paralegal fees to finalize and file the motion for fees and supporting documents, $32 in paralegal fees to finalize and file the bill of costs, $1,445.00 in attorneys' fees for preparation of this reply, and $42.50 in attorneys' fees for preparation of a reply to the plaintiffs' opposition to Defendant Hyperion's bill of costs.

## CONCLUSION

As explained above, Defendant Hyperion should be awarded its attorneys' fees in the amount of $366,954.50 ($358,632.50 for prevailing in defense of the plaintiffs' copyright claims; $8,322.00 for prevailing in defense of the plaintiffs' trademark claims in this exceptional case).

//



**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
BamertRegan.com
206.669.2402

I certify that this memorandum contains 843 words, in compliance with the Local Civil Rules.

DATED this 28th day of April, 2023.

BAMERT REGAN

s/ John J. Bamert
John J. Bamert, WSBA No. 48128
Bamert@BamertRegan.com
113 Cherry St., Unit 55215
Seattle, Washington 98104
T: 206.669.2402

*Counsel for Defendant and Counterclaim Plaintiff, Hyperion Entertainment C.V.B.A.*