UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLOANTO CORPORATION, *et al.*,<br><br>                          Plaintiffs,<br><br>     v.<br><br>HYPERION ENTERTAINMENT CVBA,<br><br>                          Defendant. | Case No. C18-381-RSM<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Hyperion Entertainment C.V.B.A. ("Hyperion")'s Motion for Attorney Fees.  Dkt. #144.  The Court has reviewed the Motion, Plaintiffs' opposition brief (Dkt. #150), Hyperion's Reply (Dkt. #156), and all other pertinent documents in the record.  For the reasons set forth below, the Court DENIES Hyperion's motion.

## II.  BACKGROUND

The allegations in this case have been summarized by the Court previously and are well known to the parties.  *See* Dkts. #69, #141.  In a 2009 case before this Court, *Amiga, Inc. v. Hyperion VOF*, No. CV07-0631 RSM, current Plaintiffs Amiga, Itec, and Amino (collectively, the "Amiga Parties") entered into a comprehensive Settlement Agreement and Consent Order, which should have put to rest what can only be described as a tortured history of litigation.  Dkt.

ORDER - 1

#106 ¶ 8; Dkt. #47 ("Second Amended Complaint") ¶ 22.  However, on December 14, 2017, Plaintiff Cloanto Corporation ("Cloanto") filed suit against Hyperion in the U.S. District Court for the Northern District of New York alleging Hyperion exceeded the rights granted to it in the Settlement Agreement thereby resulting in copyright and trademark infringement.  The Amiga Parties were not parties to that lawsuit.  In response, on March 13, 2018, Hyperion sued the Amiga Parties and Cloanto in this Court (Dkt. #1), and the following day moved to dismiss or stay the New York lawsuit or transfer it to the Western District of Washington.  Shortly thereafter, Hyperion and Cloanto stipulated to transfer the New York case to this Court.  Both Cloanto and the Amiga parties accused Hyperion of material breaches of the Settlement Agreement as well as infringement of Cloanto's copyrights.  Dkt. #47.

On May 16, 2019, the Court granted in part Hyperion's Motion to Dismiss the First Cause of Action for breach of contract (as brought by Cloanto) and the Seventh Cause of Action under the Lanham Act (brought by Cloanto).  Dkt. #69.  Then, on March 30, 2023, the Court denied Plaintiffs' Motion for Summary Judgment and granted Hyperion's Motion for Summary Judgment dismissing all of Plaintiffs' remaining claims.  Dkt. #141.  On April 27, 2023, the Court also dismissed Hyperion's counterclaims per the parties' stipulation.  Dkt. #155.

On April 13, 2023, Hyperion filed the instant Motion for Attorney Fees.  Dkt. #144.  Hyperion seeks fees under 17 U.S.C. § 505 as the prevailing party with respect to Plaintiffs' copyright claims.  *Id.* at 2–8.  Hyperion also seeks fees under 15 U.S.C. § 1117(a), arguing this case is "exceptional" with respect to Plaintiffs' trademark claims.  *Id.* at 8–10.  Finally, Hyperion requests the Court hold Cloanto's principal (Mike Battilana) and Cloanto's attorney (Gordon

ORDER - 2

Troy) jointly and severally liable by joining Mr. Battilana as a party and by holding Mr. Troy liable under the Court's inherent authority to sanction attorneys before it.[1]

### III.     DISCUSSION

A. Award of Fees under the Copyright Act

The Copyright Act authorizes district courts to award "a reasonable attorney's fee to the prevailing party" in a copyright action.  17 U.S.C. § 505.  The decision regarding whether to award attorney's fees is in the court's discretion.  *See id.*  The Supreme Court has provided a nonexclusive list of factors for courts to consider in making a fee determination: (1) whether the lawsuit was frivolous; (2) motivation; (3) objective legal or factual unreasonableness; and (4) the need to advance the considerations of compensation and deterrence.  *Glacier Films*, 896 F.3d at 1037 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  The Ninth Circuit has added factors that "'may be considered' and 'need not all be met': the degree of success obtained in the litigation, the purposes of the Copyright Act, and (3) 'whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious [litigant].'"  *Id.* (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017)).  "[D]istrict courts should accord substantial weight to the reasonableness of the losing party's legal and factual arguments."  *Id.* (cleaned up).

Defendants are not held to a more stringent standard than plaintiffs and are not required to show that the suit was "frivolous or brought in bad faith."  *Fogerty*, 510 U.S. at 520-21, 534-35.  "Exceptional circumstances" are also not required.  *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996).  The "pivotal criterion," however, is faithfulness to the purposes of

---

[1] Plaintiffs argue that Hyperion's Motion is premature because (1) the Court had not yet entered a final judgment; and (2) because Hyperion's counterclaims were still pending. Dkt. #150 at 4–6. However, the Court has since entered final Judgment in this case (Dkt. #159) and dismissed Hyperion's counterclaims pursuant to the parties' Stipulation (Dkt. #155).  Plaintiffs' argument now moot, the Court finds Hyperion's Motion sufficiently briefed and will proceed with its ruling.

ORDER - 3

the Copyright Act. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). "[T]he question is whether a successful *defense* of the action furthered the purposes of the Act, not whether a *fee award* would do so." *Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 816 (9th Cir. 2003) (emphasis in original).

Here, Hyperion argues that the Court should award it attorney's fees because (1) it achieved "complete success" in this action; (2) its defense of Plaintiffs' claims furthered the purposes of the Copyright Act; (3) Plaintiffs unreasonably pursued their claims; and (3) an award of attorney's fees would deter parties from engaging in what Hyperion describes as "non-compromising, scorched earth litigation" (Dkt. #144 at 6).

Copyright law "enrich[es] the general public through access to creative works." *Fogerty*, 510 U.S. at 527. "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Id.* at 524. Defendants should be encouraged to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to bring meritorious infringement claims. *Fogerty*, 510 U.S. at 527.

"[I]t is not the purpose of the Copyright Act 'to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful.'" *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, No. C-12-4601 EMC, 2014 WL 1724478 at *8 (N.D. Cal. Apr. 29, 2014) (quoting Thompkins v. Lil' Joe Records, Inc., 2008 WL 896898, at *6 (S.D. Fla. Mar. 31, 2008)). Here, Cloanto owned the copyrights at issue long before this case commenced and holds registrations for the "software" licensed to Hyperion, among other Amiga-related copyrights. Dkt. #47, ¶¶ 25-26. Plaintiffs point out that Hyperion has never disputed Cloanto owned the copyrights and associated registrations. Dkt. #150 at 8. In the

ORDER - 4

Court's 2019 Order on Hyperion's Motion to Dismiss, Plaintiffs' copyright claims were not at issue because Hyperion did not seek to dismiss those claims. *See* Dkts. #52, #69. In the Order dismissing Cloanto's breach of contract claim, the Court stated: "This finding does not preclude Cloanto from pursuing other claims against Hyperion related to copyright or trademark infringement, or from relying on the terms of the Settlement Agreement to determine Hyperion's rights under copyright and trademark law." Dkt. #69 at 6. As Plaintiffs argue, the parties litigated on that basis. Dkt. #150 at 8. However, when the parties fully briefed the merits of Cloanto's copyright claims in their respective motions for summary judgment, the Court found that Cloanto's claims for copyright infringement and integrity of copyright management information were barred by the Settlement Agreement's Non-Aggression Clause and did not fall within the material breach exception because Cloanto lacked standing. Dkt. #141 at 6–8. "A claim or defense is not frivolous if it is brought in good faith, in an unsettled area of law, or with a reasonable likelihood of success." *Mattel, Inc. v. Walking Mountain Prod.*, 2004 WL 1454100 at *2 (C.D. Cal. June 21, 2004) (citing *Lotus Dev. Corp. v. Borland Int'l*, 140 F.3d 70, 74 (1st Cir. 1998). It appears that Plaintiffs brought the action in good faith. Although the Court concluded that Plaintiffs' claims were barred by the Non-Aggression clause, Plaintiffs' position was not unreasonable, particularly given the development of the Court's findings.

For the reasons explained above, Hyperion's Motion for Attorney Fees is DENIED.

**B. Award of Fees Under the Lanham Act.**

Under the Lanham Act, "[t]he court in exceptional circumstances may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117. The "exceptional circumstances" requirement is construed narrowly in the Ninth Circuit. *Classic Media, Inc. v. Mewborn*, 532

ORDER - 5

F.3d 978, 990 (9th Cir. 2008). "Exceptional circumstances can be found when the non-prevailing party's case 'is groundless, unreasonable, vexatious, or pursued in bad faith.'" *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000) (quoting *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999)); *see also Classic Media*, 532 F.3d at 990. Even if exceptional circumstances are found, the Court is not required to award fees because the language of the statute is permissive. 15 U.S.C. § 1117; *see Classic Media*, 532 F.3d at 990.

The Court finds that this case is not "exceptional" within the meaning of the Lanham Act, and that attorney fees are not warranted under 15 U.S.C. § 1117(a).

## IV. CONCLUSION

For all the foregoing reasons, the Court DENIES Hyperion's Motion for Attorney Fees. Dkt. #144.

DATED this 12th day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6