1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

| | |
|---|---|
| CLOANTO CORPORATION, *et al.*,<br><br>                                        Plaintiffs,<br><br>        v.<br><br>HYPERION ENTERTAINMENT CVBA,<br><br>                                        Defendant. | Case No. C18-381-RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PAYMENT OF COSTS TO COURT TO STAY ENFORCEMENT OF AWARD OF COSTS PENDING APPEAL |

16

17

18

19

20

21

22

23

24

25

26

27

28

        This matter comes before the Court on Plaintiffs' Motion for Payment of Costs to Court to Stay Enforcement of Award of Costs Pending Appeal. Dkt. #163. Defendant Hyperion Entertainment C.V.B.A. ("Hyperion") does not oppose the Motion. Pursuant to Fed. R. Civ. P. 62(d), Plaintiffs ask the Court to approve the payment to the Court of $2,471.36 to stay enforcement of the award of costs pending their appeal to the Ninth Circuit Court of Appeals. The amount is based on an award of costs in the amount of $1,838.10, plus $133.26 (18 months of interest at the constant rate of interest of 4.83% per annum), plus $500 (for taxable costs on appeal).

        Judgment in this matter was entered by the Clerk of Court on May 2, 2023 (Dkt. #159), granting Defendant Hyperion's Motion for Summary Judgment (Dkt. #105) as to all counts contained in the Second Amended Complaint and as to all Plaintiffs, and dismissing all of

ORDER - 1

Plaintiffs' claims in the Second Amended Complaint.  On May 3, 2023, costs in the amount of $1,838.10 were taxed against Plaintiffs and in favor of Defendant Hyperion.  Dkt. #160.  On May 5, 2023, Plaintiffs filed a Notice of Appeal with the Ninth Circuit Court of Appeals, Case No. 23-35315, appealing the District Court's final judgment.

Rule 62(d) states:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:

> (1) by that court sitting in open session; or

> (2) by the assent of all its judges, as evidenced by their signatures.

Here, Plaintiffs propose payment to the Court of the full amount, $1,838.10, plus $133.26, representing interest on the award at the rate of 4.83% for a period of 18 months, and the sum of $500 for potentially taxable costs on appeal.  Plaintiffs state that if this amount is paid to the Court, Hyperion would be secured against any possible loss resulting from a stay of execution of the award.

Having reviewed the file in this case, deeming itself fully informed, the Court finds and orders as follows:

1. Plaintiffs' Motion for Payment of Costs to Court to Stay Enforcement of Award of Costs Pending Appeal (Dkt. #163) is GRANTED.

2. Plaintiffs are authorized to deposit with the Court the amount of $2,471.36.  The amount is based on the award of costs in this case in the amount of $1,838.10, plus $133.26 (18 months of interest at the constant rate of interest of 4.83% per annum), plus $500 (for taxable costs on appeal).

ORDER - 2

3.  Upon making the deposit, enforcement of the award of costs is stayed pending

disposition of Plaintiffs' appeal to the Ninth Circuit Court of Appeals.


DATED this 28ᵗʰ day of June, 2023.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3