UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLOANTO CORPORATION, *et al.*,<br><br>                              Plaintiffs,<br><br>         v.<br><br>HYPERION ENTERTAINMENT CVBA,<br><br>                              Defendant. | Case No. C18-381-RSM<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL |

This matter comes before the Court on a Motion to Withdraw as Counsel filed by counsel for Defendant Hyperion Entertainment C.V.B.A. ("Hyperion"). Dkt. #165. Defense counsel argues good cause exists for this withdrawal under "multiple subparts of RPC 1.16, which [counsel] will share with the Court *in camera* if the Court believes such information may be helpful." *Id.* citing Dkt. #166 ¶ 2. Counsel further states that there are no more deadlines in this case, final judgment has been entered, and accordingly withdrawal will not impose a material adverse effect on the interests of Defendant Hyperion. Plaintiffs do not oppose counsel's Motion.

Defense counsel has satisfied the procedural requirements of Local Rule 83.2(b). Counsel has certified service of their Motion on opposing counsel and Defendant as required. *See* Dkt. #166. Under Local Rule 83.2(b)(3), a business entity, except a sole proprietorship, must be represented by counsel, and the withdrawing counsel must advise their client of this rule and the consequences of their withdrawal. Defense counsel states, "Defendant Hyperion has been

ORDER - 1

advised that, as a business entity, it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties." Dkt. #165 at 2.

The Court has reviewed the record and finds good cause for the withdrawal of Defendant's counsel as individual attorneys and the firm in general. The Court is satisfied that Defendant has been adequately informed of the reasons for withdrawal and the necessity to obtain new counsel.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Counsel's Motion to Withdraw (Dkt. #165) is GRANTED. The Court directs that Defendant's counsel and the law firm be terminated. Defendant is currently without counsel and must have new counsel before its next deadline, if any, upon completion of the pending appeal. Defense Counsel is DIRECTED to mail and e-mail Defendant a copy of this Order. All further correspondence to Defendant shall be sent to the following email address and postal addresses:

**Email:**

Ben.hermans@artes.law

**Postal Addresses:**

Hyperion Entertainment C.V.B.A.
Avenue de Tervueren 34
Brussels, Belgium 1040

Hyperion Entertainment C.V.B.A.
Catersteen 47
1000 Bruxelles Belgique

ORDER - 2

DATED this 28th day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3