**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLOANTO CORPORATION; et al., | No.    23-35315 |
| Plaintiffs-Appellants, | D.C. Nos.    2:18-cv-00381-RSM |
| | 2:18-cv-00535-RSM |
| v. | |
| HYPERION ENTERTAINMENT C.V.B.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted June 9, 2025[**]
San Francisco, California

Before: S.R. THOMAS and M. SMITH, Circuit Judges, and RAYES,[***] District
Judge.

In this action at the intersection of intellectual property and contract law,

Plaintiff-Appellant Cloanto Corporation (Cloanto) seeks relief from Defendant-

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

Appellee Hyperion Entertainment (Hyperion) for breach of contract, copyright infringement, and trademark infringement.  Cloanto's claims are based on Hyperion's use of intellectual property that was licensed to it by Amiga, Inc., Amino Development Corporation, and Itec, LLC (the Amiga Parties) in a 2009 settlement agreement (the Settlement Agreement).  However, because Cloanto was not a party to the Settlement Agreement, the district court dismissed its claims for lack of standing.  Cloanto timely appeals the dismissal of its breach of contract and copyright claims.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Reviewing Cloanto's standing claim by claim, *see Valley Outdoor, Inc. v. City of Riverside*, 446 F.3d 948, 952 (9th Cir. 2006), we affirm in part, reverse in part, and remand. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context to our ruling.

1.    Cloanto first argues that the district court erred by holding that it lacked standing to sue for breach of the Settlement Agreement.  Cloanto concedes that it is not a signatory to the Settlement Agreement nor a third-party beneficiary or assignee.  Instead, Cloanto argues here, as it did to the district court, that it is a "successor/acquirer" of the agreement because it executed and delivered to Hyperion a retroactive Successor/Acquirer Agreement Form providing that it "acknowledge[d] and agree[d] that it w[ould] be bound by the terms and conditions of the Settlement Agreement applicable to the Amiga Parties."  The form further

provided that Cloanto "covenant[ed] and agree[d] with Hyperion Entertainment
C.V.B.A. that [it] w[ould] comply with all obligations of the Amiga Parties under
the Settlement Agreement."

We agree with the district court that the Successor/Acquirer Agreement
Form does not provide Cloanto with standing to sue for breach of the Settlement
Agreement. As the district court noted, assignees of a contract have standing to
sue for breach of contract. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554
U.S. 269, 284–85 (2008). But Cloanto expressly disclaims any assignation of the
Settlement Agreement. Instead, Cloanto's sole suggestion is that the rights it
received after signing the form provided it with standing to sue. This argument is
unavailing for the reasons the district court noted: The form subjects Cloanto only
to the "terms and conditions" set forth in the Settlement Agreement, and it stops
short of providing Cloanto with the full panoply of privileges that a signatory or
assignee might have. This reading is confirmed by the form's use of the word
"bound," which suggests that the form merely compels Cloanto to comply with
certain obligations, and the fact that the Settlement Agreement contains separate
provisions for assignment and acquisition. Based on these signals, the district
court did not err by dismissing Cloanto's breach of contract claim for lack of
standing.

2.    Cloanto next argues that the district court erred by holding that it

3

lacked standing to sue for copyright infringement.  The district court found that Cloanto lacked standing to bring these claims because of the Settlement Agreement's non-aggression clause, which shields Hyperion from liability for its use of Cloanto's intellectual property unless Hyperion materially breaches the agreement.  The district court reasoned that, because Cloanto lacked standing to sue for breach of contract, it also lacked standing to sue for copyright infringement insofar as that claim turned on the underlying question of breach of contract.

We disagree.  Under the Copyright Act, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b); *see also Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013).  In other words, the Copyright Act itself confers standing to the legal owner of a copyright.  Therefore, because it is undisputed that Cloanto is the legal owner of the copyrights that Hyperion allegedly infringed, there is no question that Cloanto has standing to claim copyright infringement.  Cloanto "does not lose [its] right to bring [that] claim just because [Hyperion] [may] raise a [contract-based argument] in its defense."  *Stross v. Redfin Corp.*, 730 F. App'x 198, 203 (5th Cir. 2018) (per curiam).  Therefore, the district court erred by dismissing Cloanto's copyright claims for lack of standing.  We reverse and remand for the district court to proceed in evaluating these claims.

4

3.      Cloanto finally argues that the district court abused its discretion by denying its motion for leave to amend.  Through the motion, Cloanto had sought to amend its pleadings to include as a party C-A Acquisition, a newly created entity to which the Amiga Parties had transferred their remaining intellectual property.  But the district court denied this motion as unsupported by good cause, reasoning that "Plaintiffs' actions d[id] not strike the Court as demonstrating diligence and granting [Cloanto's] motion would prejudice Defendant Hyperion."

The district court did not abuse its discretion in so concluding.  Pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  This "standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  But in moving to add C-A Acquisition as a party, Cloanto failed to act with diligence because it waited over a month after events had occurred to make C-A Acquisition relevant to the litigation.  *C.f. In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1245 (9th Cir. 2006).  Further, Cloanto's delay in seeking amendment was significant because it stood to prejudice Hyperion's ability to defend against the action, and because it reflected potential gamesmanship:  Since Cloanto could "not adequately explain why C-A Acquisition was created after th[e] case was filed," the district court reasonably assumed that Cloanto created the entity only to avoid the legal pitfalls

highlighted by Hyperion's motion to dismiss.  Under these circumstances, the district court did not abuse its discretion by denying Cloanto's motion for leave to amend.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**