## Agreement to Facilitate Settlement

This Agreement to Facilitate Settlement ("Agreement") is made as of March 15, 2026 ("Effective Date"), by and between **Amiga Corporation** ("Amiga Corporation") and **Cloanto Corporation** ("Cloanto"), on the one hand, and **Hyperion Entertainment C.V.B.A.** ("Hyperion"), on the other (each a "Party" and jointly the "Parties").

1.      *Premises*. The Parties acknowledge and agree to the following premises of this Agreement:

   a.      The purpose of this Agreement is to facilitate negotiations between the Parties to settle their disputes and cease all litigation between them, including any obligation to litigate future disputes in the United States District Court, Western District of Washington.

   b.      A Settlement Agreement was entered into as of September 30, 2009, by and between Amiga, Inc., Itec, LLC, Amino Development Corporation (the "Amiga Parties") and Hyperion Entertainment C.V.B.A. (hereinafter the "2009 Settlement Agreement").

   c.      Pursuant to an Asset Purchase Agreement made by and between Amiga, Inc. (on behalf of all the Amiga Parties), on the one hand, and Amiga Corporation (formerly "C-A Acquisition Corp.") and Cloanto, on the other hand, on February 1, 2019, Amiga, Inc. agreed, among other things, to assign the 2009 Settlement Agreement to Amiga Corporation.

   d.      Paragraph 24 of the 2009 Settlement Agreement states that "[t]his Agreement may not be assigned to any third party without the prior written consent of all Parties hereto. The consent given by one of the Amiga Parties shall be sufficient to satisfy the requirement of prior written consent."

   e.      The assignment of the 2009 Settlement Agreement by Amiga, Inc. to Amiga Corporation and Cloanto satisfies the requirement under paragraph 24 of the 2009 Settlement Agreement that the Amiga Parties, or any one of them, consent to the assignment of the 2009 Settlement Agreement.

   f.      The following litigation is pending in United States District Court, Western District of Washington: *Cloanto Corporation, et al. v. Hyperion Entertainment, C.V.B.A.*, Case No. 2:18-cv-00381-RSM ("Hyperion I"), and *C-A Acquisition Corp., et al. v. Hyperion Entertainment C.V.B.A.*, Case No. 2:19-cv-00683-RSM ("Hyperion II") (together, the "District Court Actions").

   g.      Amiga Corporation's and Cloanto's Opposition No. 91273487, opposing Hyperion's registration of the mark in Application Serial No. 87329448 (AMIGAONE) is presently suspended based on the District Court Actions.

h. Hyperion's Opposition No. 91237628 against the mark AMIGA (now U.S. Reg. No. 6273015) was terminated after Hyperion withdrew its Notice of Opposition without prejudice.

i. Hyperion's pending Application Serial No. 87329431 (AMIGAOS) is currently suspended in the USPTO due to the District Court Actions while the Section 2(d) likelihood of confusion refusal has been maintained and continued based on AMIGA (U.S. Reg. No. 6273015).

2. *Assignments.* Hyperion hereby acknowledges, accepts, and agrees to:

a. Amiga, Inc.'s February 1, 2019, assignment of the 2009 Settlement Agreement and all of the Amiga Parties' rights and obligations therein to Amiga Corporation and Cloanto, including the right to sue and recover for past infringements, including those asserted in the District Court Actions; and

b. (i) the assignment by Cloanto to Amiga Corporation of all of its rights in the "Software" (as defined in the 2009 Settlement Agreement), all prior versions and components of the Software (e.g., Kickstart 1.3), and all manuals related thereto, together with the copyrights in and to each of the foregoing; and (ii) the reassignment by Cloanto to Amiga Corporation of all rights in the "Amiga Marks" (as defined in paragraph 22 of the Amended Complaint in Hyperion II) granted by Amiga Corporation to Cloanto on February 1, 2019, as stated in paragraph 23 of said Amended Complaint. The assignment and reassignment each include, without limitation, the right to sue for past infringements, and are each effective upon signature of this Agreement by Hyperion;

c. that as a consequence of such assignment, Cloanto shall no longer be deemed a "Successor To/Acquirer From Amiga Parties" bound by Exhibit 3;

d. that if litigation in the District Court Actions re-commences after failure of the Parties to settle their differences, Amiga Corporation shall be substituted for all other Plaintiffs in the District Court Actions; provided, however, that in the event that such substitution is, for any reason, not permitted by the District Court, Cloanto shall have the right to proceed in said District Court Actions and any appeal therefrom, as if Cloanto's assignment and reassignment to Amiga Corporation had not occurred.

3. *Obligations Following Execution.* Promptly following execution of this Agreement by the Parties,

a. the Parties shall move in the United States District Court, Western District of Washington, to dismiss without prejudice all of their claims and counterclaims in the District Court Actions, it being understood, however, that if the Parties' differences remain unreconcilable on June 30, 2026, and

---

Agreement to Facilitate Settlement

they are no longer negotiating in good faith to reach an agreement to supersede the 2009 Settlement Agreement (the "Reconciliation Deadline"), either Party may move to reopen the District Court Actions or, where appropriate, file new actions asserting any claims or counterclaims that are dismissed without prejudice pursuant to this Agreement; and further provided, that upon the mutual written agreement of the Parties, the Reconciliation Deadline may be extended; and

b.    the Parties shall jointly effectuate a suspension of TTAB Opposition No. 91273487 (involving Application Serial No. 87329448 for AMIGAONE) for a period of three (3) months for purposes of settlement negotiations, and shall continue the suspension of Hyperion's pending Application Serial No. 87329431 for AMIGAOS for the same period; and

c.    the Parties shall commence negotiating in good faith to settle their disputes and to cease all litigation between them, including any obligation to litigate future disputes in the United States District Court, Western District of Washington.

4.    *Tolling of Statutes of Limitations*. The Parties agree that all applicable statutes of limitations relating to: (a) the parties' surviving claims and counterclaims asserted in Hyperion I (including Cloanto's copyright claim) shall be deemed to be tolled from the date of filing of the Second Amended Complaint, i.e., December 29, 2018, until the earlier of September 30, 2026, or commencement of litigation; and (b) all of the parties' claims and counterclaims that were asserted or could have been asserted in Hyperion II shall be deemed to be tolled from the date of filing of the Amended Complaint, i.e., July 17, 2019, until the earlier of September 30, 2026, or commencement of litigation.

5.    *Relinquishment of Claims against the AMIGA Registration*. Hyperion hereby relinquishes all claims it had or may now have against the registration of U.S. Reg. No. 6273015 for AMIGA and the use and maintenance thereof by Cloanto or its successor-in-interest for that mark, Amiga Corporation.

6.    *Representations and Warranties*. Each Party represents and warrants that (a) each has the full right, power, and authority to enter into this Agreement and that the persons executing this Agreement on behalf of each Party have the corporate authority necessary and sufficient to obligate the Party on whose behalf they sign to all the terms and conditions of this Agreement; and (b) no litigation, proceeding, or claim is pending or, to any Party's knowledge, threatened, that would materially impair any Party's ability to perform its obligations under this Agreement.

7.    *Binding Effect*. This Agreement is binding upon and inures to the benefit of the Parties and their respective successors, assigns, and administrators.

8.    *Headings*. The paragraph headings in this Agreement are solely for the convenience of the Parties and have no legal or contractual significance.

9.      *Presumptions*. This Agreement shall be construed without regard to any presumption or other rule permitting construction against the Party causing this Agreement to be drafted and shall not be construed more strictly in favor of or against either Party.

10.     *Rights of Third Parties*. This Agreement shall not be deemed to give any right or remedy to any third party whatsoever.

11.     *Signature and Counterparts*. This Agreement shall be digitally signed by the Parties in counterparts through an authentication service such as Docusign, provided that such service is compliant with the ESIGN Act and UETA (for U.S. parties) or eIDAS (for European parties). Said counterparts, taken together, shall constitute one agreement. Neither Party shall be bound by this Agreement until both Parties have duly executed a counterpart hereof.

WHEREFORE, the Parties hereto execute this Agreement as of the Effective Date.

Amiga Corporation                                Hyperion Entertainment C.V.B.A.

By: _____          By: _____
Name:   Mike Battilana                           Name:   Timothy De Groote
Title:      President                              Title:     Managing Director
Date:      4/27/2026                              Date:     4/28/2026

Cloanto Corporation

By: _____
Name:   Mike Battilana
Title:      President
Date:      4/27/2026